1  JEFFER MANGELS BUTLER & MITCHELL LLP
   ROD S. BERMAN (Bar No. 105444)
2  *rberman@jmbm.com*
   SUSAN J. ALLISON (Bar No. 133448)
3  *sallison@jmbm.com*
   JESSICA BROMALL SPARKMAN (Bar No. 235017)
4  *jbromall@jmbm.com*
   MADELINE LEI MOMI GOOSSEN (Bar No. 357733)
5  *mgoossen@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
6  Los Angeles, California 90067-4308
   Telephone: (310) 203-8080
7  Facsimile: (310) 203-0567

8  BEESON SKINNER BEVERLY, LLP
   BRIAN BEVERLY (Bar No. 103089)
9  *bbeverly@bsbllp.com*
   STEWART R. KELLAR (Bar No. 267747)
10 *skellar@bsbllp.com*
   One Kaiser Plaza, Suite 750
11 Oakland, California 94612-3611
   Telephone: (510) 832-8700
12 Facsimile: (510) 836-2595

13 *Attorneys for Plaintiff Ben F. Davis Company*

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16 Ben F. Davis Company, a California      Case No. 2:25-cv-04785-RGK-RAO
   corporation,
17                                         **FIRST AMENDED COMPLAINT
                  Plaintiff,               FOR:**
18
           v.                              **(1)  TRADEMARK
19                                               INFRINGEMENT (15 U.S.C.
   Frisco County Inc. dba FB County, a           § 1114);**
20 California corporation; Tom Kim, an
   individual; Lauren A. Kim, an           **(2)  UNFAIR COMPETITION (15
21 individual; Brandon T. Kim, an                U.S.C. § 1125(a)(1)(A));**
   individual; and DOES 1 through 10,
22 inclusive,                              **(3)  FALSE ADVERTISING (15
                                                U.S.C. § 1125(a)(1)(B));**
23                Defendants.
                                           **(4)  COMMON LAW
24                                               TRADEMARK
                                                INFRINGEMENT; AND**
25
                                           **(5)  UNFAIR BUSINESS
26                                               PRACTICES (CAL. BUS. &
                                                PROF. CODE § 17200).**
27
                                           **(6)  BREACH OF WRITTEN
28                                               AGREEMENT**

                                           **DEMAND FOR TRIAL BY JURY**

73477961v2

FIRST AMENDED COMPLAINT

For its Complaint, plaintiff Ben F. Davis Company ("BFDC" or "Plaintiff") alleges as follows:

1.      Plaintiff owns the trademarks BEN'S and BEN DAVIS, as well as related design and logo marks. For more than 80 years, Plaintiff, and its predecessors, have been operating in or around the San Francisco Bay Area of California. Throughout that time, Plaintiff has designed and manufactured work and casual clothing under the marks BEN DAVIS and BEN'S, which have been in use since 1935 and 1964, respectively. Plaintiff is a fixture in the San Francisco Bay Area. Plaintiff also owns the trademark FRISKO, which it acquired in 1996, and that mark remains closely associated with Plaintiff. As a result of Plaintiff's use of these marks, consumers associate them exclusively with Plaintiff.

2.      Defendant Frisco County Inc. dba FB County ("FB County") is also in the business of manufacturing and distributing work and casual clothing and has been involved in litigation with Plaintiff before, specifically C.D. Cal. Case No. 2:96-cv-04970 entitled *Frisco County Inc. v. Ben F. Davis Company, et al*. To settle that prior litigation, FB County and its President, defendant Tom Kim ("Tom Kim"), on the one hand, and Plaintiff, on the other hand, entered into an agreement effective as of December 16, 1997 (the "Settlement Agreement"). Among other things, FB County and Tom Kim agreed (1) not to use "FRISCO" other than as a part of certain limited uses of "Frisco County" and "Frisco County, Inc." explicitly allowed in the Settlement Agreement and (2) not to use "BEN" as any part of a trademark or trade name for clothing. Additionally, a judgment was entered in the prior lawsuit, enjoining FB County and Tom Kim from (1) using "FRISCO" other than as a part of certain limited uses of "Frisco County" and "Frisco County, Inc." specifically allowed in the judgment and (2) using "BEN" as any part of a trademark or trade name for clothing.

3.      In violation of the Settlement Agreement and the Judgment, and fully aware of and with total disregard for Plaintiff's rights in the FRISKO, BEN'S, and

BEN DAVIS marks, FB County and Tom Kim adopted and have been using the
mark FRISCO BEN in connection with work and casual apparel and footwear in
direct competition with Plaintiff. FB County prominently features the mark on
products, as well as on its website, and advertises to its customers that the "FB" in
FB County stands for "Frisco Ben."

4.      Not surprisingly, the uses of FRISCO BEN have led to instances of
actual confusion, including among consumers and retailers of the parties' goods.
This is a straightforward case of trademark infringement. Defendants were well
aware of Plaintiff's rights but proceeded anyway. FB County was again notified of
Plaintiff's rights when Plaintiff sent a cease-and-desist letter on March 20, 2025.
Still, FB County's infringing conduct persists.

5.      FB County is selling FRISCO BEN-branded products in direct
competition with Plaintiff and its continued infringement of Plaintiff's marks will
continue to confuse consumers, interfere with Plaintiff's sales, and damage
Plaintiff's reputation. If FB County is not enjoined, Plaintiff will lose control of its
marks and reputation, which it has been using and in which it has been developing
goodwill for nearly 100 years. Thus, Plaintiff brings this lawsuit.

## THE PARTIES

6.      Plaintiff BFDC is a California corporation with offices at 3140 Kerner
Boulevard, San Rafael, California 94901.

7.      Defendant FB County is a California corporation with an address at
1500 Esperanza Street, Los Angeles, California 90023.

8.      Defendant Tom Kim is an individual having an address at 1500
Esperanza Street, Los Angeles, California 90023. Tom Kim is the Chief Executive
Officer and Secretary of FB County. Tom Kim is a Director of FB County. Tom
Kim is the agent for service of process for FB County.

9.      Defendant Lauren A. Kim ("Lauren Kim") is an individual having an address at 1500 Esperanza Street, Los Angeles, California 90023. Lauren Kim is the Chief Financial Officer and Vice-President of Sales at FB County.

10.      Defendant Brandon T. Kim ("Brandon Kim") is an individual having an address at 1500 Esperanza Street, Los Angeles, California 90023. Brandon Kim is a Vice-President and Director of FB County.

11.      Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. With defendant FB County, Does 1 through 10 are, at times, collectively referred to herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

12.      Plaintiff is informed and believes and, based thereon, alleges that at all relevant times, each of the Defendants, including defendants Does 1 through 10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes and, based thereon, alleges that each Defendant, including the fictitiously named Defendants, directed, aided, and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes and, based thereon, alleges that, at all relevant times, to the extent that the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over the federal unfair competition and false advertising claims, which arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition, common law trademark infringement, and breach of contract claims because they arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

14.    This Court has personal jurisdiction over the Defendants. FB County is a California corporation operating in Los Angeles. On information and belief, each of the individual Defendants resides in Los Angeles. Plaintiff is further informed, and believes, and based thereon, alleges that the conduct giving rise to this suit occurred, at least in part, in California, including, the sale, offer for sale, and/or advertising of products and/or services in connection with infringing trademarks in this judicial district. Further, Defendants either knew or should have known that their infringing conduct would have consequences in California and that the harm to Plaintiff arising from Defendants' conduct would occur (and, in fact did occur) in California.

15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Plaintiff is informed and believes and, based thereon, alleges, that a substantial part of the events and/or omissions giving rise to the claims against Defendants occurred in this District. Further, Defendant's corporate address is in this judicial district.

# **GENERAL ALLEGATIONS**

## Plaintiff and its Trademarks

16.    Plaintiff owns the trademark BEN'S (the "BEN'S Mark"), which it, and/or its predecessor, has been using in connection with work and casual apparel, in particular, pants, since at least as early as 1964.

17.    The BEN'S Mark is the subject of U.S. Reg. No. 3902443 (the "BEN'S Reg."), issued on January 11, 2011, which registration is incontestable.

18.    The BEN'S Mark is a strong mark and it is inherently distinctive. BEN'S is arbitrary with respect to work and casual apparel. Further, the BEN'S Reg. issued without any requirement that Plaintiff prove secondary meaning, confirming that the mark is inherently distinctive. Even if the BEN'S Mark were not inherently distinctive (and it is), through its widespread, longstanding, exclusive, and continuous use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff.

19.    Plaintiff owns the trademark BEN DAVIS (the "BEN DAVIS Mark"), which it, or its predecessor, has been using in connection with work and casual apparel, in particular, pants, shirts, and jackets, since at least as early as 1935.

20.    The BEN DAVIS Mark is the subject of U.S. Reg. No. 2049013 (the "BEN DAVIS Reg."), issued on April 1, 1997, which registration is incontestable.

21.    The BEN DAVIS Mark is a strong mark and it is inherently distinctive. BEN DAVIS is arbitrary with respect to work and casual apparel. Further, the BEN DAVIS Reg. issued without any requirement that Plaintiff prove secondary meaning, confirming that the mark is inherently distinctive. Even if the BEN DAVIS Mark were not inherently distinctive (and it is), through its widespread, longstanding, exclusive, and continuous use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff.

22.    Plaintiff owns the trademark BEN DAVIS & Design (the "BEN DAVIS Logo"), which it, or its predecessor, has been using in connection with work

and casual apparel, in particular, pants, shirts, and jackets, since at least as early as 1935.



23.    The BEN DAVIS Logo is the subject of U.S. Reg. No. 1819032 (the "BEN DAVIS Logo Reg."), issued on February 1, 1994, which registration is incontestable.

24.    The BEN DAVIS Logo is a strong mark and it is inherently distinctive. The BEN DAVIS Logo is arbitrary with respect to work and casual apparel. Further, the BEN DAVIS Logo issued without any requirement that Plaintiff prove secondary meaning, confirming that the mark is inherently distinctive. Even if the BEN DAVIS Logo were not inherently distinctive (and it is), through its widespread, longstanding, exclusive, and continuous use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff.

25.    Plaintiff owns the trademark FRISKO, which it acquired in 1996 (the "FRISKO Mark"). The mark is closely associated with Plaintiff and its BEN'S and BEN DAVIS marks. The FRISKO Mark is a strong mark and it is inherently distinctive. FRISKO is arbitrary with respect to work and casual apparel. Even if the FRISKO Mark were not inherently distinctive (and it is), as a result of its use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff. Among other displays, Plaintiff has used, and owns, the FRISKO BEN DAVIS Logo shown below.



JMBM | Jeffer Mangels Butler & Mitchell LLP

<u>Prior Lawsuit, Settlement, and Judgment</u>

26.    Beginning in 1996, FB County and BFDC were parties to a lawsuit entitled *Frisco County, Inc. v. Ben F. Davis Company*, C.D. Cal. Case No. 2:96-cv-04970 (the "Prior Lawsuit").

27.    The parties resolved the Prior Lawsuit, entering the Settlement Agreement, effective December 16, 1997.

28.    The Settlement Agreement prohibits both Tom Kim and FB County from: (1) using "Frisco" in any way other than certain limited uses of "Frisco County" and "Frisco County, Inc." explicitly allowed by the Agreement; and (2) using "Ben" as any part of a trademark or tradename for clothing. *See* Section 3.1, 3.3, and 3.6 of the Agreement.

29.    In direct violation of the Settlement Agreement, FB County and Tom Kim are using FRISCO BEN in connection with apparel and shoes, on packaging, on FB County's website at fbcountyusa.com, and on FB County's various social media channels. Among other things, the FB County website affirmatively states: "The FB in FB County stands for Frisco Ben." FB County has also applied to register the trademark FRISCO BEN. All of the foregoing breaches Sections 3.3 and 3.6 of the Settlement Agreement.

30.    A judgment was entered in the Prior Lawsuit (the "Judgment") dated January 20, 1998. The Judgment enjoined both FB County and Tom Kim from (1) using "Frisco" in any way other than certain limited uses of "Frisco County" and "Frisco County, Inc." explicitly allowed by the Judgment; and (2) using "Ben" as any part of a trademark or tradename for clothing. The Judgment is also binding on "anyone acting in active concert or participation with" FB County or Tom (which includes FB County officers Lauren Kim and Brandon Kim). The same conduct identified above as a breach of the Agreement is also a violation of the Judgment.

31.    Pursuant to Paragraph 3.11 of the Settlement Agreement, on or about July 17, 2025, BFDC notified FB County and Tom Kim, by confirmed fax

transmission and by email, that they were in breach of the Settlement Agreement and specified the requested cure. More than 15 business days have elapsed from the date of notice and the breaches have not been cured.

## Defendants' Unlawful Conduct

32.    Recently, although Defendants are based in Los Angeles and have no apparent connection to San Francisco, Defendants adopted and began using the trademark FRISCO BEN in connection with work and casual apparel. Among other things, Defendants apply the mark FRISCO BEN to the hoodies, shirts, and shoes, apply the mark FRISCO BEN to product packaging, use the mark FRISCO BEN in online retail sales listings for its products, and use the mark FRISCO BEN to promote and advertise its products on its website and social media pages.

33.    Defendants also frequently used FB COUNTY, in which the letters FB are used to refer to FRISCO BEN. Specifically, Defendants' website specifies that "[t]he FB in FB COUNTY stands for FRISCO BEN."

34.    On or about February 7, 2024, FB County applied to register the trademark FRISCO BEN, U.S. App. Ser. No. 98396021. In support of its trademark application, and as evidence of its use of the mark FRISCO BEN, it submitted images of sweatshirts bearing the FRISCO BEN trademark.

35.    Defendants' unauthorized and infringing use of FRISO BEN commenced long after Plaintiff's first use of its FRISKO, BEN'S, and BEN DAVIS Marks.

36.    Defendants have merely combined two of Plaintiff's trademarks to form the composite trademark FRISCO BEN. Defendants use FB COUNTY as a plain and direct reference to FRISCO BEN. FRISCO BEN was formed merely by combining two of Plaintiff's trademarks. Moreover, "Frisco" is a common nickname for San Francisco, where Plaintiff has been located for nearly a century and with which Plaintiff is closely associated. And, a popular Instagram fan account of

JMBM | Jeffer Mangels Butler & Mitchell LLP

Plaintiff uses the handle @friskobens. In contrast, Defendants are based in Los Angeles and have no apparent connection to San Francisco. Consumers are likely to believe that Defendants' FRISCO BEN mark is merely a reference to Plaintiff or indicates some connection, association, or affiliation with Plaintiff.

37.     Defendants are using the FRISCO BEN mark in connection with the same types of goods in connection with which Plaintiff's uses its marks. Not only do the parties market the same type of goods, *i.e.*, shirts and pants, but their goods are in the same general style and popular with the same consumers. One article describes FB County products as "staples of streetwear style," having been featured in *Fast and the Furious* and *Straight Outta Compton*, as well as "[j]ust about every other TV show and film that highlights street style and culture." The Wikipedia entry for Plaintiff notes that the brand "is popular in some music-related subcultures, especially West Coast rappers" and notes that the clothes have been worn in music videos by Dr. Dre, Eazy-E, and Ice Cube (whose early lives were depicted in the movie *Straight Outta Compton*). Not only are the parties' goods sold in the same types of stores, but they are sold in the exact same stores, side-by-side.

38.     Defendants' use of FRISCO BEN, as described above, is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association. In fact, consumer confusion is already occurring. On one of FB County's Instagram posts promoting its FRISCO BEN products, a user tagged the @friskobens fan account referenced above. On the same post, another user comments that "The Frisco Ben logo takes me back to the era of swap meet knock off's of Frisko's Ben Davis . . . ." On another post, a user comments "Frisko Ben back in 1993." Another user asks "so its like part of Frisco Ben Davis?" to which another user replies "they bought Frisko Ben's from BD."

39.     FB County has long been familiar with Plaintiff and its trademark rights. Plaintiff also sent a cease-and-desist letter to FB County on or around March

20, 2025, notifying it, again, of Plaintiffs' rights. Still, Defendants continue to use FRISCO BEN and to inform consumers that the "FB" in FB County refers to FRISCO BEN, all without Plaintiff's authorization or consent.

40.    Tom Kim is an officer and a director of FB County. Lauren Kim is CFO and Vice-President of Sales for FB County. Brandon Kim is a director and a Vice-President for FB County. According to public reporting, FB County's team is comprised of just five people, which presumably includes Tom Kim, Lauren Kim, and Brandon Kim. On information and belief, Defendant Tom Kim, Lauren Kim, and Brandon Kim each were familiar with Plaintiff and its trademark rights and each personally authorized, directed, and/or participated in the infringing conduct described above, including in FB County's use of the FRISCO BEN trademark and its manufacture, advertising, promotion, offer for sale, and sale of products and packaging bearing the FRISCO BEN trademark. At this stage, however, it is not possible to identify the specific acts taken by each of the individual defendants.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement

(15 U.S.C. § 1114)

(Against All Defendants)

41.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

42.    Defendants, through the acts and omissions described herein, have each used and continue to use FRISCO BEN in commerce in connection with the sale, offering for sale, distribution, and advertising, of goods, and to inform consumers of its goods that the "FB" in FB COUNTY refers to FRISCO BEN.

43.    Defendants' above-described conduct is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association. As a result of Defendants'

Jeffer Mangels Butler & Mitchell LLP

JMBM

conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

44.    Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use any of its marks, including the FRISKO, BEN'S, and BEN DAVIS Marks, either alone or in combination, or any related design or logo marks.

45.    Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

46.    Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants, to directly infringe the FRISKO, BEN'S, and BEN DAVIS Marks; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods. Among other things, Defendants have sold infringing products to numerous third parties inducing them to resell those goods, resulting in direct infringement by each such third-party reseller. Among other things, Defendants have licensed third-parties to produce infringing products, inducing them to manufacture and distribute those goods, resulting in direct infringement by each such third-party.

47.    Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

48.    Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the FRISKO, BEN'S, and BEN DAVIS Marks, as well as related design and logo marks. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Plaintiff's goodwill.

49.     As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

50.     Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the FRISCO BEN, including to advertise that the "FB" in FB COUNTY stands for FRISCO BEN, or any other mark confusingly similar to any of FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

51.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' infringing conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

52.     Pursuant to 15 U.S.C. § 1117(a), and because Defendants' conduct described herein was intentional and in blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seek, an award tripling any damages or profits established at trial.

53.     Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials constituting, advertising, promoting, marked or labeled, or for use marking or labeling apparel bearing FRISCO BEN or advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or to use any other marks confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks.

54.     Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

55.    Defendants' infringing acts violate both the Settlement Agreement between Plaintiff and FB County and Tom Kim resolving their prior trademark litigation and a Judgment issued by the U.S. District Court for the Central District of California in that prior litigation. That Defendants' conduct is specifically prohibited by the terms of the Settlement Agreement and Judgment highlights both the potential for confusion created by that conduct and that the parties' long ago foresaw that this type of conduct would create a likelihood of confusion. In light of the foregoing, disgorgement of profits is particularly appropriate in this matter. Further, the cases is plainly "exceptional," warranting an award of attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Unfair Competition

### (15 U.S.C. § 1125(a)(1)(A))

### (Against All Defendants)

56.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

57.    Defendants, through the acts and omissions described herein, have each used and continue to use, in commerce words, terms, names, symbols, false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including using FRISCO BEN in connection with apparel or advertising that the "FB" in FB County stands for FRISCO BEN.

58.    Defendants' above-described conduct and use of FRISCO BEN and advertising that the "FB" in FB COUNTY stands for FRISCO BEN is likely to cause confusion, or reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' apparel or other commercial activities by Plaintiff, or vice versa, none of which is not the case.

59.    Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, use, or provide any goods and/or services or other commercial activities bearing FRISCO BEN or to advertise that the "FB" in FB COUNTY stands for FRISCO BEN, or to use any other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks.

60.    Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A).

61.    Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the FRISKO, BEN'S, and BEN DAVIS Marks, as well as related design and logo marks; and/or they have continued to provide others with infringing goods and/or services, with knowledge of the direct infringers' use or sale of the infringing goods and/or services. Among other things, Defendants have sold infringing products to numerous third parties inducing them to resell those goods, resulting in direct infringement by each such third-party reseller. Among other things, Defendants have licensed third-parties to produce infringing products, inducing them to manufacture and distribute those goods, resulting in direct infringement by each such third-party.

62.    Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing goods and/or services.

63.    Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the FRISKO, BEN'S, and BEN DAVIS Marks, as well as related design and logo marks. As a direct and proximate

result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

64.    Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of FRISCO BEN, including to advertise that the "FB" in FB COUNTY stands for FRISCO BEN, or use any other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

65.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

66.    Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

67.    Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials constituting, advertising, promoting, marked or labeled, or for use marking or labeling apparel bearing FRISCO BEN or advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or to use any other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks.

68.    Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

69.    Defendants' infringing acts violate both the Settlement Agreement
between Plaintiff and FB County and Tom Kim resolving their prior trademark
litigation and a Judgment issued by the U.S. District Court for the Central District of
California in that prior litigation. That Defendants' conduct is specifically prohibited
by the terms of the Settlement Agreement and Judgment highlights both the
potential for confusion created by Defendants' conduct and that the parties' long ago
foresaw that this type of conduct would create a likelihood of confusion. In light of
the foregoing, disgorgement of profits is particularly appropriate in this matter.
Further, the cases is plainly "exceptional," warranting an award of attorneys' fees.

## THIRD CLAIM FOR RELIEF

### False Advertising

### (15 U.S.C. § 1125(a)(1)(B))

70.    Plaintiff incorporates by reference the preceding paragraphs of this
Complaint as if set forth herein.

71.    Defendants, through the acts and omissions described herein, have used
and continue to use, in interstate commerce words, terms, names, symbols, false
designations or origin, false or misleading descriptions of fact, and/or false or
misleading representations of fact, including FRISCO BEN or advertising that the
"FB" in FB COUNTY stands for FRISCO BEN ("false statements"), in commercial
advertising or promotion that misrepresent the nature, characteristics, or qualities of
their goods and/or services, including, by falsely suggesting that such goods and/or
services are Plaintiff's goods and/or services, which they are not.

72.    Defendants' false and materially misleading statements or omissions
have actually deceived or have the tendency to deceive a substantial segment of
their audience; that the deception is material, in that it is likely to influence the
audience's purchasing decision; and Plaintiff has been or is likely to be injured as a
proximate result of Defendants' false statements, including by damaging Plaintiff's

17
FIRST AMENDED COMPLAINT

1    reputation and by lessening the goodwill associated with Plaintiff's FRISKO,

2    BEN'S, and BEN DAVIS Marks, as well as related design and logo marks.

3        73.    Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

4        74.    Defendants are also secondarily liable for contributory false advertising

5    in that they have intentionally induced others, including other Defendants and the

6    customers of each Defendant, to directly engage in false advertising; and/or they

7    have continued to provide others with infringing goods and/or services, with

8    knowledge of the direct infringers' display or use of the infringing goods and/or

9    services constitutes false advertising.

10        75.    Defendants are also secondarily liable for vicarious false advertising in

11    that Defendants have an apparent or actual partnership among and between

12    themselves, and/or with other actors, and have the authority to bind one another in

13    transactions with third parties, and/or exercise joint ownership or control over the

14    false advertising.

15        76.    Defendants have committed the acts alleged above with full knowledge

16    of and in disregard of Plaintiff's rights. As a direct and proximate result of

17    Defendants' conduct, Plaintiff has been damaged and will continue to be damaged

18    unless Defendants are enjoined.

19        77.    Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C.

20    § 1116(a), seeks an injunction prohibiting any continuing or future false advertising

21    by Defendants, as alleged herein, including further use of FRISCO BEN, including

22    advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or use any

23    other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or

24    any related design and logo marks. Unless such an injunction issues, Defendants'

25    false advertising will continue to materially deceive the relevant public, thereby

26    irreparably damaging Plaintiff.

27        78.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby

28    seeks, an order awarding it all of its damages caused by Defendants' false

1  advertising, as well as an order awarding all of Defendants' profits traceable to

2  Defendants' false advertising.

3      79.    Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct

4  described herein was intentional and in willful and blatant disregard of Plaintiff's

5  rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual

6  damages established at trial.

7      80.    Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks,

8  an order for the destruction of all materials constituting, advertising, promoting,

9  marked or labeled, or for use marking or labeling apparel bearing FRISCO BEN or

10  advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or including

11  any of the false advertising as alleged herein.

12

13      81.    Defendants' actions make this an exceptional case under 15 U.S.C.

14  § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and

15  costs, pursuant to 15 U.S.C. § 1117(a).

16

17              **FOURTH CLAIM FOR RELIEF**

18              Common Law Trademark Infringement

19                  (Against All Defendants)

20      82.    Plaintiff incorporates by reference the preceding paragraphs of this

21  Complaint as if set forth herein.

22      83.    The acts and omissions of Defendants, as set forth above, constitute

23  common law trademark infringement.

24      84.    Defendants, through the acts and omissions described above, have used

25  and continue to use, in commerce words, terms, names, symbols, and devices which

26  are confusingly similar to those of Plaintiff, in a manner that is likely to cause

27  confusion, including reverse confusion, or to mistake or to deceive as to the

28  affiliation, connection, or association of Defendants with Plaintiff, or as to the origin

JMBM | Jeffer Mangels
      Butler & Mitchell LLP

of Defendants' goods and/or services or other commercial activities, or as to the sponsorship or approval of Defendants' goods and/or services or other commercial activities by Plaintiff, or vice versa, none of which is the case.

85.    Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the FRISKO, BEN'S, and BEN DAVIS Marks, as well as related design and logo marks; and/or they have continued to provide others with infringing goods and/or services, with knowledge of the direct infringers' use or sale of the infringing goods and/or services.

86.    Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing goods and/or services.

87.    As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

88.    Plaintiff lacks an adequate remedy at law and seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including further use of FRISCO BEN, including advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or use any other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks. Unless such an injunction issues, Defendants' conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

89.    Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of

1    Defendants' profits traceable to Defendants' conduct by which Defendants were

2    unjustly enriched.

3        90.     Defendants' conduct described herein was intentional and in willful and

4    blatant disregard of Plaintiff's rights. Defendants are guilty of intentional,

5    oppressive, malicious, reckless, and despicable conduct directed to Plaintiff in

6    conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover, and

7    hereby seeks, punitive damages from Defendants.

8

9                 **FIFTH CLAIM FOR RELIEF**

10               Unfair Business Practices

11           (Cal. Bus. & Prof. Code § 17200)

12             (Against All Defendants)

13        91.     Plaintiff incorporates by reference the preceding paragraphs of this

14    Complaint as if set forth herein.

15        92.     Defendants have committed acts of illegal and unfair business

16    practices, as defined by Business and Professions Code Section 17200 *et seq*., by

17    engaging in, among other unfair practices, deceptive representations in violation of

18    Business and Professions Code § 17500, and violations of state and federal

19    trademark and unfair competition law.

20        93.     These acts and practices violate Business and Professions Code Section

21    17200, in that they are illegal, unfair, and/or fraudulent business practices.

22        94.     The unlawful, unfair and/or fraudulent business practices as described

23    above present a continuing threat to members of the public in that Plaintiff and

24    members of the general public have no other adequate remedy at law to halt and

25    remedy said practices and/or policies.

26        95.     As a direct and proximate result of the aforementioned acts, Defendants

27    received and continue to hold ill-gotten gains resulting from their unfair business

28

practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution of all such gains.

## **FIFTH CLAIM FOR RELIEF**

### Breach of Written Agreement

### (Against FB County and Tom Kim)

96.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

97.    Plaintiff, FB County, and Tom Kim are all parties to the Settlement Agreement.

98.    As described above, FB County and Tom Kim have breached the Settlement Agreement by using the trademark FRISCO BEN.

99.    Plaintiff performed each and every covenant and obligation required of it under the Settlement Agreement, except such covenants and obligations as may have been excused by the actions or conduct of FB County or Tom Kim.

100.   As a direct and proximate result of FB County's and Tom Kim's conduct, Plaintiff has sustained and is entitled to recover compensatory and consequential damages in an amount according to proof at trial.

101.   Plaintiff has been, and is being, irreparably damaged by FB County's and Tom Kim's breaches of the agreement and, as such, is entitled to an injunction prohibiting FB County and Tom Kim from engaging in further such breaches.

102.   Plaintiff is entitled to recover its attorneys' fees and costs incurred in connection with this dispute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.    For a temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and all of their officers, directors, stockholders, owners,

agents, representatives, servants, and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1.    infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's rights, common law or otherwise, in the FRISKO, BEN'S, and BEN DAVIS Marks, as well as related design and logo marks;

2.    using any words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including, without limitation, FRISCO BEN, including to advertise or otherwise state that the "FB" in FB COUNTY stands for FRISCO BEN, or use any other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks, in connection with the sale, offering for sale, distribution, commercial advertising or promotion of goods and/or services or commercial activities that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods and/or services or other commercial activities, or as to the sponsorship or approval of Defendants' goods and/or services or other commercial activities by Plaintiff, or vice versa, or that misrepresents the nature, characteristics, or qualities of Defendants' or Plaintiff's goods and/or services or other commercial activities.

3.    engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff or the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks;

4.    using FRISCO BEN, including to advertise or otherwise state that the "FB" in FB COUNTY stands for FRISCO BEN, or any other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks, in connection with the sale, offering for sale, distribution, and advertising of any goods or other commercial activities; and

73477961v2

23

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1          5.      otherwise using FRISCO or BEN in violation of the Settlement

2  Agreement.

3        B.     Ordering Defendants to file with the Court and to serve on counsel for

4  Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth

5  the manner and form in which Defendants have complied with the injunction.

6        C.     For an order that, by the acts complained of herein, Defendants have

7  infringed Plaintiff's trademark rights, in violation of 15 U.S.C. § 1114.

8        D.     For an order that, by the acts complained of herein, Defendants have

9  infringed Plaintiff's rights in the FRISKO, BEN'S, and BEN DAVIS Marks, and

10  related design and logo marks, and that Defendants' conduct violates 15 U.S.C.

11  § 1125(a).

12        E.     For an order that, by the acts complained of herein, Defendants have

13  infringed Plaintiff's common law trademark rights and/or engaged in acts of

14  common law unfair competition against Plaintiff.

15        F.     For an order that, by the acts complained of herein, Defendants have

16  engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and

17  Prof. Code § 17200.

18        G.     For an order finding that Defendants' conduct alleged herein was

19  willful and intentional and in conscious disregard of Plaintiff's rights.

20        H.     For an order finding that Defendants Tom Kim, Lauren Kim, and

21  Brandon Kim authorized, directed, or participated in the infringing conduct

22  described herein.

23        I.     For an order finding that Defendants Tom Kim and FB County

24  breached the Settlement Agreement.

25        J.     For an order awarding Plaintiff general and/or specific damages, in an

26  amount to be fixed by the Court in accordance with proof.

27        K.     For an order awarding all of Defendants' profits traceable to

28  Defendants' conduct.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    L.    For an order trebling any damage or profits established pursuant to 15

2  U.S.C. § 1117(a).

3    M.    For an order awarding Plaintiff restitution of all amounts obtained by

4  Defendants by means of their wrongful acts described herein.

5    N.    For an order for the destruction of all materials, including, without

6  limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets

7  bearing FRISCO BEN, including to advertise or otherwise state that the "FB" in FB

8  COUNTY stands for FRISCO BEN, or any other marks confusingly similar thereto,

9  or any false advertising concerning Plaintiff, Plaintiff's marks, or Plaintiff's or

10  Defendants' goods and/or services.

11    O.    For an order finding that this is an exceptional case, and awarding

12  Plaintiff its costs and attorneys' fees incurred in prosecuting this action pursuant to

13  15 U.S.C. § 1117(a).

14    P.    And, for an order awarding such other or further relief as the Court

15  deems just and proper.

16

17  DATED: August 21, 2025          JEFFER MANGELS BUTLER & MITCHELL LLP
                                    ROD S. BERMAN
18                                  SUSAN J. ALLISON
19                                  JESSICA BROMALL SPARKMAN
                                    MADELINE LEI MOMI GOOSSEN
20

21                                  BEESON SKINNER BEVERLY, LLP
                                    BRIAN BEVERLY
22                                  STEWART R. KELLAR

23

24

25                          By:    /s/ *Jessica Bromall Sparkman*
26                                     JESSICA BROMALL SPARKMAN
                                    Attorneys for Plaintiff Ben F. Davis
27                                  Company

28

1

## DEMAND FOR TRIAL BY JURY

2

   Plaintiff hereby demands a trial by jury of all issues which may be tried to a
jury.

3

4  DATED: August 21, 2025        JEFFER MANGELS BUTLER & MITCHELL LLP
                                 ROD S. BERMAN
5                                SUSAN J. ALLISON
                                 JESSICA BROMALL SPARKMAN
6                                MADELINE LEI MOMI GOOSSEN
7

8                                BEESON SKINNER BEVERLY, LLP
                                 BRIAN BEVERLY
9                                STEWART R. KELLAR
10

11

12                               By:    /s/ *Jessica Bromall Sparkman*
                                        JESSICA BROMALL SPARKMAN
13                                      Attorneys for Plaintiff Ben F. Davis
                                        Company
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28