1  CHRISTOPHER FROST (SBN 200336)
   chris@frostllp.com
2  NICO L. BRANCOLINI (SBN 318237)
   nico@frostllp.com
3  FROST LLP
   10960 Wilshire Boulevard, Suite 2100
4  Los Angeles, California 90024
   Telephone: (424) 254-0441
5  Facsimile: (424) 600-8504

6  Attorneys for Frisco County Inc., dba FB
   County; Tom Kim, Lauren A. Kim, and
7  Brandon T. Kim

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | Ben F. Davis Company, a California     | Case No. 2:25-cv-04785 RGK (RAOx)
      corporation,
12 |                                         | **DEFENDANTS' NOTICE OF**
             Plaintiff,                      | **MOTION AND MOTION TO**
13 |                                         | **DISMISS PLAINTIFF'S FIRST**
        vs.                                  | **AMENDED COMPLAINT;**
14 |                                         | **MEMORANDUM OF POINTS AND**
   | Frisco County Inc. dba FB County, a     | **AUTHORITIES**
15 | California corporation; Tom Kim, an
      individual; Lauren A. Kim, an          | *Filed concurrently with Declaration of*
16 | individual; Brandon T. Kim, an          | *Monica Tosunidis; [Proposed] Order*
      individual; and DOES 1 through 10,
17 | inclusive,,                             | Judge:   Hon. R. Gary Klausner
                                             | Date:    October 20, 2025
18 |          Defendants.                    | Time:    9:00 a.m.
                                             | Crtrm.:  850

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 20, 2025, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable R. Gary Klausner, located in the United States Courthouse, Defendants Frisco County Inc. dba FB County, Tom Kim, Lauren A. Kim, and Brandon T. Kim will and hereby do move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff Ben F. Davis Company's First Amended Complaint ("FAC") in its entirety, or, at minimum, dismissing Counts I through V and all claims asserted against the Individual Defendants with prejudice.

This Motion is made on the grounds that the FAC fails to state a claim as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff improperly sues three individuals based solely on their corporate titles and conclusory allegations "on information and belief," without any specific facts showing personal participation, inducement, or alter ego liability. Such boilerplate pleading is legally insufficient.

The FAC's trademark claims fail because Plaintiff does not identify which specific mark—BEN'S, BEN DAVIS, or FRISKO—was allegedly infringed, instead relying on an incoherent "composite" theory that deprives Defendants of fair notice and prevents analysis of likelihood of confusion. The false advertising claim fails because the only challenged statement—that "FB" stands for "Frisco Ben"—is literally true, not pled with particularity under Rule 9(b), and unaccompanied by any allegations of materiality or injury. Plaintiff's unfair competition claim under § 17200 likewise fails for lack of statutory standing, lack of particularity, and because it is wholly derivative of the deficient Lanham Act claims.

Pursuant to Local Rule 7-3, counsel for Defendants met and conferred with counsel for Plaintiff regarding the grounds for this motion via videoconference on August 28, 2025, and through follow-up correspondence. (See Declaration of Monica Tosunidis ¶¶ 2–4.) Plaintiff declined to amend its FAC in response, necessitating this

1  Motion.

2       This Motion is based on this Notice of Motion, the accompanying

3  Memorandum of Points and Authorities, the Declaration of Monica Tosunidis, all

4  papers, pleadings, and records on file in this action, all other matters of which the

5  Court may take judicial notice, and upon such other oral and documentary evidence

6  and argument as may be presented to the Court at or prior to the hearing of this

7  Motion.

8

9  DATED:  September 11, 2025        FROST LLP

10

11

12                                    By: _____

13                                    CHRISTOPHER FROST
                                      NICO L. BRANCOLINI
14                                    Attorneys for Frisco County Inc., dba FB
                                      County; Tom Kim, Lauren A. Kim, and
15                                    Brandon T. Kim

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................... 1

II.  SUMMARY OF ALLEGATIONS ............................................................ 4

III.  LEGAL STANDARD ............................................................................... 5

IV.  PLAINTIFF FAILS TO STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS .......................................................... 6

    A.  Conclusory Allegations of Personal Liability Are Insufficient ............. 6

    B.  Contributory and Vicarious Trademark Infringement Claims Are Also Deficient .......................................................................... 7

    C.  Plaintiff's "Alter Ego Allegations" Lack Factual and Legal Support ..................................................................................... 8

    V.  PLAINTIFF'S TRADEMARK CLAIMS (COUNTS I AND IV) FAIL ........................................................................................... 9

    VI.  PLAINTIFF'S FALSE ADVERTISING CLAIM (COUNT III) FAILS ...................................................................................... 11

    VII.  PLAINTIFF'S UNFAIR BUSINESS PRACTICES CLAIM (COUNT V) FAILS ..................................................................... 12

VIII.  CONCLUSION ...................................................................................... 14

16
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

*AMF Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir. 1979) ...................................................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................... 1, 1, 6

*Beyond Blond Prods., LLC v. Heldman*,
    479 F. Supp. 3d 874 (C.D. Cal. 2020*), aff'd sub nom. Beyond Blond
    Prods., LLC v. ComedyMX, LLC,* No. 21-55990, 2022 WL 1101756
    (9th Cir. Apr. 13, 2022) ............................................................................ 9

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
    553 F. Supp. 3d 793 (C.D. Cal. 2021) ..................................................... 13

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
    174 F.3d 1036 (9th Cir. 1999) ................................................................... 9

*Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*,
    2015 WL 12731929 (C.D. Cal. May 8, 2015) ........................................... 7

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
    76 F.3d 259 (9th Cir. 1996) ....................................................................... 8

*Gerritsen v. Warner Bros. Entm't Inc.*,
    112 F. Supp. 3d 1011 (C.D. Cal. 2015) ..................................................... 9

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ................................................................... 6

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................... 13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................. 13

1

*Ketayi v. Health Enrollment Grp.*,
   516 F. Supp. 3d 1092 (S.D. Cal. 2021) ................................................... 9

*Live Face on Web, LLC v. Biblio, Inc.*,
   2013 WL 4718316 (N.D. Cal. Aug. 30, 2013).................................... 12

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ...................................................... 6

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ........................................ 8

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ...................................................... 8

*Skydive Arizona, Inc. v. Quattrocchi*,
   673 F.3d 1105 (9th Cir. 2012) ................................................... 11

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997) ................................................... 11

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................... 12

**California Cases**

*Hall v. Time Inc.*,
   158 Cal. App. 4th 847 (2008) ................................................... 13

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011)............................................................. 13

*Leek v. Cooper*,
   194 Cal. App. 4th 399 (2011) ..................................................... 9

*Misik v. D'Arco*,
   197 Cal. App. 4th 1065 (2011) ................................................... 8

*Reynolds v. Bement*,
   36 Cal. 4th 1075 (2005).............................................................. 9

*Sonora Diamond Corp. v. Superior Court*,
   83 Cal. App. 4th 523 (2000) ....................................................... 8

**Federal Statutes**

15 U.S.C.
    § 1114 .................................................................................................9
    § 1125 ..........................................................................................11, 12

Lanham Act...............................................................................1, 4, 7, 13

Lanham Act, 15 U.S.C.
    § 1125 .................................................................................................9

**California Statutes**

California Business and Professions Code
    § 17200 ......................................................................................1, 12, 13

**Other Authorities**

**Federal Rules of Civil Procedure**

Rule 12...................................................................................1, 5, 11, 13

Rule 8.......................................................................................2, 9, 10

Rule 9.....................................................................................1, 12, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Ben F. Davis Company's ("Plaintiff" or "Ben Davis") lawsuit against Defendants Frisco County Inc. dba FB County ("FB County"), Tom Kim, Lauren A. Kim, and Brandon T. Kim (collectively, "Defendants") does not raise a legitimate trademark dispute. It is an abusive attempt by Plaintiff to weaponize stale agreements and common English words in order to harass a competitor and his family. The First Amended Complaint ("FAC") exemplifies everything federal pleading rules are designed to prevent: conclusory allegations, group pleading, speculative theories, and bad-faith litigation tactics.

Most glaringly, Plaintiff has sued three individuals—Tom Kim and his two children, Lauren and Brandon—without even a shred of legitimate factual basis to do so. The FAC admits Plaintiff cannot identify any specific act by any of the Kims and instead relies on the bare allegation, "on information and belief," that the Kims must have "authorized, directed, and/or participated" in infringement by virtue of their corporate titles. (FAC ¶¶ 8–10, 40). That is precisely the sort of formulaic pleading *Twombly* and *Iqbal* prohibit. Decades of precedent make clear that officers are not personally liable for alleged corporate infringement absent concrete allegations of personal participation. Plaintiff offers none. Dragging Tom Kim and his children into federal court on nothing more than their job titles is not only legally indefensible, it is abusive.

Even apart from the improper joinder of individuals, the FAC's substantive claims collapse on their own terms. Plaintiff attempts to monopolize the words "Ben" and "Frisco"—words that are either generic or, in the case of Frisco, geographically descriptive—and asserts that Defendants' use of the combined "FRISCO BEN" infringes Plaintiff's  BEN'S, BEN DAVIS, and FRISKO marks. Yet the FAC never identifies which specific mark is supposedly infringed, instead cobbling together an incoherent "composite" theory while conceding that "Frisco" is a common nickname

for San Francisco. (FAC ¶ 36). This ambiguity makes it impossible to assess likelihood of confusion under established law and underscores the FAC's failure to meet Rule 8's basic requirement of fair notice.

This lawsuit is also the latest chapter in the Davis family's decades-long campaign against Defendant Tom Kim, a self-made entrepreneur who began in the apparel business thirty years ago. In the early 1990s, when Tom Kim was in his early twenties and just starting out, he launched a clothing line under the names FRISCO COUNTY, a nod to San Francisco. At that time, Plaintiff Ben Davis was an established "work clothing" company known for heavy-duty pants and overalls. Rather than allow a young competitor to carve out a niche in the fashion space, Ben Davis threatened to bring litigation against Tom Kim. The Davis family did not stop there. That same year, they acquired the registration for FRISKO from Lee Jeans, clearly to box Tom Kim out of the market. They even applied for FRISKO BEN themselves in 1996, though they later allowed that application to lapse.

In order to protect himself, young Tom Kim proactively filed a lawsuit seeking declaratory relief to judicially affirm and protect his trademark rights. A successful business at that time, Plaintiff pressured Tom Kim into signing a settlement agreement in December 1997 (the "Settlement Agreement") that imposed restrictions on FB County's use of "FRISCO COUNTY," "FRISCO/FRISKO" and "BEN." What Plaintiff does not acknowledge is that the Settlement Agreement, and a related stipulated judgment (the "JUDGMENT"), also expressly prohibit ***Plaintiff*** from using "FRISKO/FRISCO," "FRISCO COUNTY," "COUNTY," and most importantly, "FRISKO BEN" standing alone in any capacity.

For decades thereafter, Tom Kim continued building his own brand in a separate segment of the apparel industry.  Thirty years later, FB County began using FRISCO BEN on a limited line of streetwear and shoes, with such products and customers entirely distinct from Ben Davis's blue-collar workwear.

Rather than pursue the many other companies that have since registered or used

variations of "Frisco" and "Frisko" for apparel, Ben Davis has targeted Tom Kim yet again. What's worse, they now drag Tom Kim's children into this case. While his children may technically serve as officers of FB County, Plaintiff's decision to sue them individually underscores the bad faith and ill intent driving this litigation.

Plaintiff filed this action, and even before serving Defendants, sent threatening letters to FB County's customers, referencing the lawsuit Defendants did not yet even know about, and accusing Defendants of infringement. This conduct is emblematic of Plaintiff's true intent: to damage Tom Kim's business relationships, not to protect legitimate trademark rights.

Further underscoring the illegitimacy of Plaintiff's lawsuit, Plaintiff itself is in breach of the very Settlement Agreement it now seeks to resurrect and enforce against Defendants. After initially sending a cease-and-desist letter without being able to even locate the 30-year-old Settlement Agreement or Judgment, and then filing this lawsuit[1], Plaintiff finally unearthed the documents in a warehouse and sought to weaponize them against Defendants. Yet Plaintiff's own conduct shows unclean hands. The Settlement Agreement expressly acknowledges that "FRISKO" and "FRISCO" have "a similar if not identical pronunciation" and prohibits Ben Davis from using "FRISCO" as "any part of any visual representation of a mark, name, or advertisement." Nevertheless, Ben Davis has represented to the United States Patent and Trademark Office that it continues to use FRISKO on clothing, has renewed its prior registration based on that claimed use in October 2024, and in July 2025, applied for a new FRISKO trademark in Class 25. Plaintiff's attempt to *selectively* enforce a

---

[1] At the time of the cease-and-desist, which the parties discussed, neither side had a copy of any pleadings from the original lawsuit from over thirty years ago or the settlement agreement, despite efforts by both parties to obtain such records from the Central District of California's archives. This was still the case when Plaintiff filed the original lawsuit. The documents were later found by Plaintiff, which led to the filing of an amended complaint with an additional breach of contract claim.

three-decade-old Settlement Agreement in the trademark context, where rights rise and fall based on current use in commerce, is contrary to fundamental trademark policy and undermines the very principles of the Lanham Act.

In short, after sitting on its hands for thirty years, Plaintiff now attempts to reassert stale, bad faith claims against Tom Kim and his children for alleged breach of a Settlement Agreement, while simultaneously violating the very same agreement it seeks to enforce. The Court should not countenance Plaintiff's selective enforcement, inequitable litigation tactics, or efforts to misuse the judicial process to eliminate a competitor once again. Plaintiff now asserts six separate causes of action, but none is adequately pled to state a claim for relief.

## II.    **SUMMARY OF ALLEGATIONS**

Plaintiff Ben F. Davis Company ("Plaintiff") brings a six-count FAC against corporate defendant Frisco County Inc. dba FB County ("FB County"), and three individual defendants: Tom Kim and his children, Lauren A. Kim, and Brandon T. Kim (collectively, the "Individual Defendants").

Plaintiff alleges ownership and longstanding use of federally registered trademarks "BEN'S," "BEN DAVIS," and "FRISKO," primarily in connection with work and casual apparel (FAC ¶¶ 1, 16-25). Plaintiff contends that Defendants have infringed these marks by adopting and using the term "FRISCO BEN" on clothing and footwear and by publicly stating that "FB" in FB County stands for "FRISCO BEN." (FAC ¶¶ 33, 36, 40, 71). Plaintiff alleges that Defendants' conduct is likely to cause consumer confusion and deceive consumers (FAC ¶¶ 2, 38).

The FAC further alleges that FB County and Tom Kim are bound by a 1997 Settlement Agreement and a related 1998 judgment entered in prior litigation, which purportedly prohibited them from using "FRISCO" except in limited ways and from using "BEN" in connection with clothing. (C.D. Cal. Case No. 2:96-cv-04970). (FAC ¶ 3, 26–31). These documents are no longer accessible from the Central District of California, but Plaintiff managed to find a copy in its warehouse records after filing

the lawsuit. Under that Agreement and Judgment, Defendants allegedly agreed not to use "FRISCO" other than as part of "Frisco County" and not to use "BEN" as part of a trademark or trade name for clothing. (FAC ¶ 3). Plaintiff claims that Defendants' adoption and promotion of FRISCO BEN violates both the Settlement Agreement and the Judgment, and that Plaintiff provided notice of breach in July 2025 which Defendants failed to cure. (FAC ¶ 3).

With respect to the Individual Defendants, Plaintiff alleges only that Tom Kim is FB County's CEO and Secretary, Lauren Kim is CFO and Vice-President of Sales, and Brandon Kim is a Vice-President and Director. (FAC ¶ 3). Plaintiff generally alleges, upon information and belief, that Tom Kim, Lauren Kim, and Brandon Kim "each were familiar with Plaintiff and its trademark rights" and "personally authorized, directed, and/or participated in the infringing conduct," and that all Defendants acted as agents or co-conspirators of one another, with no facts supporting such conclusory allegations. (FAC ¶¶ 8-10, 30).

Plaintiff also broadly alleges that all defendants, including Does 1-10, were agents, employees, or co-conspirators of each other, acted within the scope of their employment, and are therefore legally responsible for each other's wrongful conduct (FAC ¶ 12).

Notably, the FAC pleads no facts to state a claim for alter ego liability. It does not allege commingling of funds, disregard of corporate formalities, misuse of corporate assets, undercapitalization, or any unity of interest and ownership between the Individual Defendants and the corporation. Further, the FAC does not allege any specific inequitable result or injustice that would result if the corporate separateness of FB County is maintained. Nor does it identify any concrete acts by the Individual Defendants beyond their corporate titles.

## III.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a FAC must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While courts must accept well-pleaded factual allegations in the FAC as true, it is not required to accept as true legal conclusions, conclusory statements, or unwarranted inferences. *Id.*; *Twombly*, 550 U.S. at 555; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. The pleading must set forth enough specific factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing whether a claim meets the plausibility threshold, courts employ a two-step process: (1) identify and disregard conclusory allegations or legal conclusions couched as factual allegations, and (2) evaluate the remaining factual allegations to determine if they plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV. PLAINTIFF FAILS TO STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

### A. Conclusory Allegations of Personal Liability Are Insufficient

The FAC drags three individual defendants Tom, Lauren, and Brandon Kim (the "Individual Defendants") into this lawsuit based solely on their corporate titles and Plaintiff's vague, boilerplate allegations "on information and belief" that they were "familiar" with Plaintiff's marks and "authorized, directed, and/or participated" in the alleged infringement. (FAC ¶ 40). The FAC then admits that "at this stage, it is not possible to identify the specific acts taken by each of the individual defendants." (FAC ¶ 40). That admission is fatal: under *Iqbal* and *Twombly*, a complaint cannot survive dismissal where it concedes it lacks the facts necessary to establish plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mere corporate status or generalized awareness of company activities is not

enough to impose personal liability. Courts in this Circuit consistently hold that personal liability for trademark infringement requires well-pleaded facts showing that the individual defendant personally engaged in, directed, or specifically authorized the infringing acts. *See Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, 2015 WL 12731929, at *8 (C.D. Cal. May 8, 2015) (officer or owner status insufficient; plaintiff must plead "active, guiding participation"). Accepting Plaintiff's allegations would mean that every officer of every small company could be personally haled into court whenever the corporation is accused of infringement, regardless of any actual involvement. That is not, and never has been, the law.

Plaintiff goes even further, asserting that the 1998 judgment is "binding on anyone acting in active concert or participation with FB County or Tom (which includes FB County officers Lauren Kim and Brandon Kim)." (FAC ¶ 30). This theory is untenable. Lauren and Brandon Kim were not parties to the 1997 Settlement Agreement, and indeed were not even alive when the agreement was executed or when the judgment was entered. Attempting to stretch those decades-old obligations to cover individuals who had no legal existence at the time highlights the punitive and overreaching nature of Plaintiff's claims.

The FAC does not allege a single concrete act by any Individual Defendant. It identifies no meeting, directive, statement, or decision attributable to them. Instead, it lumps all three together under collective references to "Defendants." This kind of undifferentiated group pleading is legally inadequate. *Iqbal*, 556 U.S. at 678. The claims against the Individual Defendants should be dismissed with prejudice.

### B.  Contributory and Vicarious Trademark Infringement Claims Are Also Deficient

The FAC also seeks to impose contributory and vicarious liability on the Individual Defendants, but those theories are pled in equally conclusory fashion. Secondary liability under the Lanham Act requires factual allegations showing that a defendant either (i) intentionally induced another to infringe, or (ii) continued to

supply a product to someone it knew or had reason to know was infringing. *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996). Vicarious liability, in turn, requires allegations of an actual or apparent partnership, authority to bind one another, or joint ownership or control. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007).

The FAC alleges none of these elements. It does not identify a single third-party infringer or the existence of a partnership or joint control relationship necessary to establish vicarious liability. Instead, Plaintiff makes only generalized assertions that Defendants acted in concert or had an "apparent" partnership. (FAC ¶¶ 47, 62, 75, 86) without providing factual detail about Defendants' supposed inducement or partnership relationship. This does not meet federal pleading standards. *See Iqbal*, 556 U.S. at 678.

### C.    <u>Plaintiff's "Alter Ego Allegations" Lack Factual and Legal Support</u>

Finally, to the extent Plaintiff seeks to hold the Individual Defendants personally liable under an alter ego theory, those allegations also fail. Under California law, alter ego liability requires specific facts showing both (1) such a unity of interest and ownership that the corporation and the individual no longer have separate personalities, and (2) that treating the corporation as separate would sanction fraud or produce an inequitable result. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538–39 (2000); *Misik v. D'Arco*, 197 Cal. App. 4th 1065, 1072 (2011).

The FAC pleads none of the recognized alter ego factors: no commingling of funds, no undercapitalization, no failure to maintain corporate formalities, no diversion of corporate assets, and no allegation that FB County is incapable of satisfying a judgment. See *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116–17 (C.D. Cal. 2003) (rejecting conclusory allegations lacking factual detail as insufficient to establish alter ego liability). Instead, the FAC simply lists officer titles (FAC ¶¶ 8–10), repeats the boilerplate allegation that they "authorized, directed,

and/or participated" (FAC ¶ 40), and asserts that all Defendants were "an agent, employee, or co-conspirator of each of the other Defendants" (FAC ¶ 12). These are precisely the kind of conclusory statements that courts reject. See *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1043 (C.D. Cal. 2015).

Equally fatal, the FAC does not allege any specific injustice that would result if FB County alone were held responsible. The second prong of the alter ego test requires particularized facts showing that recognizing the corporation's separate existence would sanction fraud, promote injustice, or otherwise result in inequity, not just conclusory assertions of "unfairness." Without such allegations, the second prong of the alter ego test is not satisfied. *Leek v. Cooper*, 194 Cal. App. 4th 399, 418 (2011). As California courts have long held, "directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005); see also *Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1127 (S.D. Cal. 2021).

## V.  PLAINTIFF'S TRADEMARK CLAIMS (COUNTS I AND IV) FAIL

To state a claim for trademark infringement under the Lanham Act,  15 U.S.C. § 1125(a), a plaintiff must demonstrate that it is: "(1) the owner of a valid, protectable mark, and (2) that the alleged infringer is using a confusingly similar mark." *Beyond Blond Prods., LLC v. Heldman,* 479 F. Supp. 3d 874, 886 (C.D. Cal. 2020*), aff'd sub nom. Beyond Blond Prods., LLC v. ComedyMX, LLC,* No. 21-55990, 2022 WL 1101756 (9th Cir. Apr. 13, 2022).

To state a claim for trademark infringement under 15 U.S.C. § 1114 (and at common law), a plaintiff must plausibly allege (1) ownership of a valid, protectable mark and (2) defendant's use of a confusingly similar mark such that a likelihood of confusion exists. See *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046–47 (9th Cir. 1999); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979). Rule 8 also requires fair notice of which protectable right is at issue and how the challenged use allegedly infringes it. *Iqbal*, 556 U.S. at 678.

The FAC does not clear that bar. Rather than identify the specific trademark supposedly infringed, Plaintiff points to three different word marks (BEN'S, BEN DAVIS, FRISKO) plus a logo, and then alleges Defendants "merely combined two of Plaintiff's trademarks to form the composite trademark FRISCO BEN." (FAC ¶¶ 17–29, 36.) That theory is internally incoherent and fails Rule 8. Trademark rights are not a grab-bag; Plaintiff must plead which mark (or marks) are infringed and the particular facts supporting similarity and confusion as to each. The FAC never does so. It instead pleads a shifting "composite" theory while simultaneously asserting that "Frisco" is a common nickname for San Francisco (FAC ¶ 36)—a concession that undercuts any claim that "FRISCO" (let alone "FRISCO BEN") uniquely denotes Plaintiff or creates protectable, source-identifying significance vis-à-vis BEN'S or BEN DAVIS.

This lack of clarity is not a minor pleading defect but a fundamental failure. The alleged similarity between FRISCO BEN and BEN'S is materially different from any alleged similarity to BEN DAVIS, and different still from any purported association with FRISKO. Each theory would rise or fall on distinct Sleekcraft considerations (sight/sound/meaning, commercial impression, marketplace context, third-party use, consumer sophistication, etc.). By refusing to specify which mark is at issue and how FRISCO BEN purportedly overlaps with it, the FAC deprives Defendants and the Court of the ability to evaluate likelihood of confusion on the required, element-by-element basis. See *Iqbal*, 556 U.S. at 678 (rejecting "naked assertions" and conclusory recitals).

Plaintiff's "actual confusion" allegations do not cure the pleading defects. The FAC cites stray Instagram commentary and a tag to a fan account (FAC ¶¶ 36, 38), but identifies no concrete instances tied to purchasing decisions, no dates, no consumers, and no context sufficient to support a plausible inference of confusion with any particular Plaintiff mark. At bottom, the FAC offers generalized say-so that "confusion" exists while refusing to anchor that assertion in a coherent, mark-specific

theory.

Because Plaintiff has not identified the specific protectable right allegedly infringed—or pleaded facts showing that FRISCO BEN is confusingly similar to that particular mark—Counts I and IV fail under Rule 12(b)(6). At a minimum, the Court should require a more definite statement under Rule 12(e) compelling Plaintiff to: (i) identify which mark(s) are allegedly infringed; and (ii) plead non-conclusory facts supporting similarity and confusion as to each identified mark. Absent that clarity, the infringement claims should be dismissed.

## VI. **PLAINTIFF'S FALSE ADVERTISING CLAIM (COUNT III) FAILS**

Plaintiff's false advertising claim under 15 U.S.C. § 1125(a)(1)(B) is fatally defective. To state such a claim, Plaintiff must plausibly allege that Defendants made a false or misleading statement of fact in commercial advertising, that the statement actually deceived or tended to deceive a substantial segment of consumers, that the deception was material and likely to influence purchasing decisions, that the statement entered interstate commerce, and that Plaintiff suffered injury proximately caused by the false statement. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012).

The FAC identifies only one supposed "false statement": that "the FB in FB County stands for Frisco Ben." (FAC ¶ 71). That statement is literally true—Defendants chose "Frisco Ben" as their brand name, and "FB" is their shorthand for that name. Truth is an absolute defense to a false advertising claim. *Southland Sod Farms*, 108 F.3d at 1139. The FAC pleads no facts showing that this straightforward explanation of Defendants' own brand acronym is false, misleading, or capable of deceiving consumers as to the nature, quality, or characteristics of Defendants' products. At most, Plaintiff's grievance is that the brand name "Frisco Ben" itself allegedly causes confusion with Plaintiff's marks. That is a trademark infringement theory, not a false advertising theory, and it cannot be repackaged under §

1  1125(a)(1)(B).

2      Even if the alleged statement could be construed as actionable, the claim

3  independently fails under Rule 9(b). False advertising claims "sound in fraud" and

4  must be pled with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106

5  (9th Cir. 2003). The FAC does not identify when the statement was made, in what

6  medium it appeared, what precise words were used, or how it was presented to

7  consumers. Conclusory references to Defendants "advertising" that "FB" stands for

8  "Frisco Ben" do not satisfy Rule 9(b). See *Live Face on Web, LLC v. Biblio, Inc.*,

9  2013 WL 4718316, at *3 (N.D. Cal. Aug. 30, 2013) (dismissing where complaint

10  "fail[ed] to identify any specific advertisement or representation").

11      The claim further fails for lack of materiality and injury. Plaintiff alleges no

12  facts showing that the meaning of the acronym "FB" influenced a single purchasing

13  decision or had any impact on consumer behavior. It is implausible that consumers

14  make apparel purchases based on whether "FB" stands for "Frisco Ben." Nor does the

15  FAC allege any actual harm proximately caused by this statement, as required by

16  *Lexmark*. There are no allegations of lost sales, lost customers, market share erosion,

17  or reputational injury specifically attributable to this supposed advertising. A generic

18  assertion of "damage" does not suffice under federal pleading standards.

19      In short, Plaintiff's false advertising claim is nothing more than a conclusory

20  attempt to transform a literally truthful statement about Defendants' own brand

21  acronym into actionable fraud. It fails every element of § 1125(a)(1)(B), does not

22  meet Rule 9(b)'s particularity requirement, and alleges no cognizable injury. Count

23  III should be dismissed with prejudice.

24  ## VII.  PLAINTIFF'S UNFAIR BUSINESS PRACTICES CLAIM (COUNT V)

25  ## FAILS

26      Plaintiff's fifth cause of action under California Business and Professions Code

27  § 17200 ("UCL") is fatally deficient on multiple, independent grounds. First, Plaintiff

28  lacks statutory standing. Proposition 64 requires that a UCL plaintiff plead actual loss

of money or property as a result of the alleged unfair competition. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322–23 (2011). Conclusory assertions of reputational harm, consumer confusion, or generalized "damage" are insufficient. The FAC does not identify a single lost sale, diminished revenue stream, reduced market share, or quantifiable financial injury traceable to Defendants' alleged use of "FRISCO BEN." Instead, Plaintiff merely recites that Defendants' conduct caused "damage" and seeks restitution of unspecified "ill-gotten gains." (FAC ¶ 95). That kind of generic pleading does not satisfy the economic injury requirement and deprives Plaintiff of standing to sue under the UCL. See *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (2008).

Second, the UCL claim fails under Rule 9(b). Because Plaintiff expressly alleges "fraudulent" business practices (FAC ¶¶ 93–94), it must plead with particularity "the who, what, when, where, and how" of the alleged misconduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). The FAC does none of this. It does not identify the specific statements or advertisements alleged to be fraudulent, when or where they were made, or why they were misleading. Bare assertions that Defendants' use of "FRISCO BEN" was "fraudulent" or "unfair" are precisely the sort of conclusory allegations that Rule 9(b) forbids. See *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 801 (C.D. Cal. 2021).

Finally, the UCL claim is entirely derivative. Plaintiff alleges no independent unlawful, unfair, or fraudulent conduct beyond the same Lanham Act and common law theories that underlie Counts I through IV. Courts routinely dismiss UCL claims that "rise and fall" with deficient trademark and unfair competition claims. See *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017). Because the underlying claims fail for lack of factual plausibility, the derivative UCL claim necessarily fails as well.

In sum, Plaintiff has not alleged a cognizable economic injury, has not satisfied Rule 9(b)'s particularity requirement, and has not pled any independent basis for liability. Count V therefore fails as a matter of law and should be dismissed with

1 prejudice.

2 **VIII.  <u>CONCLUSION</u>**

3      For the foregoing reasons, Defendants respectfully request that the Court

4 grant their Motion to Dismiss.

5

6 DATED:  September 11, 2025     FROST LLP

7

8

9                By: _____

10                     CHRISTOPHER FROST
                    NICO L. BRANCOLINI

11                     Attorneys for Frisco County Inc., dba FB
                    County; Tom Kim, Lauren A. Kim, and

12                     Brandon T. Kim

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **WORD COUNT CERTIFICATION**

2      The undersigned counsel of record for Frisco County Inc., Tom Kim, Lauren

3  A. Kim, and Brandon T. Kim certifies that this brief contains 4,320 words, which

4  complies with the word limit set by Judge Klausner's standing order.

5

6  DATED:  September 11, 2025      FROST LLP

7

8

9                              By: _____

10                                 CHRISTOPHER FROST
                                   NICO L. BRANCOLINI
11                                 Attorneys for Frisco County Inc., dba FB
                                   County; Tom Kim, Lauren A. Kim, and
12                                 Brandon T. Kim

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28