JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444), *rberman@jmbm.com*
SUSAN J. ALLISON (Bar No. 133448), *sallison@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017), *jbromall@jmbm.com*
MADELINE LEI MOMI GOOSSEN (Bar No. 357733), *mgoossen@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

BEESON SKINNER BEVERLY, LLP
BRIAN BEVERLY (Bar No. 103089), *bbeverly@bsbllp.com*
STEWART R. KELLAR (Bar No. 267747), *skellar@bsbllp.com*
One Kaiser Plaza, Suite 750
Oakland, California 94612-3611
Telephone: (510) 832-8700
Facsimile: (510) 836-2595
*Attorneys for Plaintiff BEN F. DAVIS COMPANY*

FROST LLP
CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
KATHERINE R. PIERUCCI (SBN 301051)
kpierucci@frostllp.com
NICO L. BRANCOLINI (SBN 318237)
nico@frostllp.com
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504
*Attorneys for Defendants FRISCO COUNTY INC., TOM KIM, LAUREN A. KIM, and BRANDON T. KIM*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN F. DAVIS COMPANY, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>FRISCO COUNTY INC. dba FB COUNTY, a California corporation; TOM KIM, an individual; LAUREN A. KIM, an individual; BRANDON T. KIM, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-04785-RGK-RAO<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Date:      June 6, 2022<br>Time:     9:00 a.m.<br>Courtroom: 850<br>Judge:    Hon. R. Gary Klausner |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, plaintiff Ben F. Davis Company ("BFDC" or "Plaintiff") and defendants Frisco County Inc. dba FB County ("FB County"), Tom Kim, Lauren A. Kim, and Brandon T. Kim (collectively "Defendants") held a meeting of counsel on August 28, 2025 and submit this Joint Report on the following matters.

## I. FEDERAL RULE OF CIVIL PROCEDURE 26(F)

### A. Joint Statement Providing Brief Factual Summary of Case Including Asserted Claims

Plaintiff owns the trademarks BEN'S, FRISKO, and BEN DAVIS, as well as related design and logo marks. Plaintiff has long designed and manufactured work and casual clothing under the marks BEN'S, FRISKO, and BEN DAVIS. Defendants are also in the business of manufacturing and distributing work and casual clothing. Pursuant to a 1997 settlement agreement, Defendants agreed not to use and were enjoined from using "FRISCO" other than as a part of certain limited uses of "Frisco County" and "Frisco County, Inc." explicitly allowed in the Settlement Agreement and not to use "BEN" as any part of a trademark or trade name for clothing. In violation of this Agreement and Plaintiff's rights, Defendants adopted and have been using the mark FRISCO BEN in connection with work and casual apparel and footwear in direct competition with Plaintiff. Plaintiff asserts six separate claims for relief against Defendants: (1) trademark infringement of each of the asserted trademarks (15 U.S.C. § 1114); (2) unfair competition (15 U.S.C. § 1125(a)(1)(a)); (3) false advertising (15 U.S.C.§ 1125(a)(1)(b)); (4) common law trademark infringement; (5) unfair business practices (Cal. Bus. & Prof. Code § 17200); and (6) breach of written agreement.

Defendants dispute Plaintiff's characterization of the relevant facts and claims. This action arises from a December 16, 1997 Settlement Agreement between the parties and/or their predecessors that resolved prior litigation (C.D. Cal. Case No. 2:96-cv-04970) concerning the use of certain marks in the apparel industry.

In the early 1990s, Defendant Frisco County Inc. began operations in the apparel industry under the name FRISCO COUNTY, with "FRISCO" being a nod to the nickname for San Francisco. The prior litigation was initiated by Mr. Kim in 1996 seeking declaratory relief regarding trademark rights. The 1997 Settlement Agreement and related 1998 Judgment impose mutual restrictions on both parties' use of certain terms. Specifically, the Agreement limits Defendants' use of "FRISCO" and "BEN" to certain defined contexts. The Agreement also restricts Plaintiff's use of "FRISKO/FRISCO," "FRISCO COUNTY," "COUNTY," and "FRISKO BEN."

Following the Settlement Agreement, Defendants operated for nearly three decades without dispute between the parties. Defendants' recent use of "FRISCO BEN" is limited to certain streetwear and footwear products, which Defendants maintain are directed to a distinct and different market segment than Plaintiff's traditional workwear offerings. Defendants further note that the marketplace has significantly changed since 1997, with multiple third parties now registering and using marks that include "FRISCO" or similar terms in connection with clothing.

Defendants deny that their conduct violates the Settlement Agreement or infringes any valid trademark rights of Plaintiff. Defendants further contend that Plaintiff has not complied with its own obligations under the Settlement Agreement, including through its continued use and recent trademark applications for "FRISKO."

With respect to the individual Defendants, Lauren A. Kim, Tom Kim, and Brandon T. Kim, Defendants deny any personal liability for the alleged corporate conduct. The individual Defendants maintain that they have not engaged in any actionable conduct that would subject them to personal liability under applicable law.

Defendants deny all allegations of trademark infringement, unfair competition, false advertising, and breach of contract, and will assert appropriate defenses including, without limitation, laches, acquiescence, waiver, estoppel, unclean hands, Plaintiff's breach, no likelihood of confusion, and failure to state a claim upon which relief can be granted.

### B. Settlement Discussions

The Parties have had preliminary settlement discussions. As noted below, Plaintiff agrees to settlement proceedings before a magistrate judge as the preferred mechanism for alternative dispute resolution in this case, and the parties engaged in preliminary settlement discussions following the filing of the original Complaint. However, those discussions were unsuccessful.

Defendants remain willing to participate in alternative dispute resolution proceedings, including settlement proceedings before a magistrate judge. Defendants believe that settlement discussions would be more productive after the parties have exchanged initial disclosures and conducted some discovery to better evaluate the merits of the claims and defenses. Defendants therefore propose that any ADR proceedings occur after the completion of written discovery, or alternatively, at a mutually agreeable time after initial disclosures have been exchanged.

### C. Initial Disclosures

The Parties propose that the Parties exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1) by no later than September 18, 2025.

### D. Discovery Subjects

Plaintiff anticipates that it will conduct discovery concerning, among other issues: Defendants' development, selection, adoption, and use of FRISCO, BEN, or FRISCO BEN in relation to clothing; any due diligence conducted by Defendants before adopting these marks; Defendants' knowledge of Plaintiff, Plaintiff's Mark, and Plaintiff's websites and social media pages; Defendants' decision to use these marks again following the 1997 Settlement Agreement; all aspects of Defendants' use of FRISCO, BEN, or FRISCO BEN, including the goods and services in connection with it has been used, the advertising and promotion of such goods and services, the use of FRISCO, BEN, or FRISCO BEN in advertising, online, and in-store displays, the customers and clients to whom, and the channels of trade and marketing through which, such goods and services are marketed and sold; the

likelihood of confusion created by Defendants' use of FRISCO, BEN, or FRISCO BEN; Defendants' plans for future use of FRISCO, BEN, or FRISCO BEN, including any plans for expansion; any instances of actual confusion; the revenues and profits derived from Defendants' use FRISCO, BEN, or FRISCO BEN; and the policies and procedures used by Defendants to ensure it is not infringing on the trademark or other rights of others, if any. Plaintiff intends to serve written discovery directed to the foregoing topics shortly.

Plaintiff anticipates it will depose FB County and Tom Kim pursuant to Fed. R. Civ. P. 30(b)(6), and that it will depose any expert witnesses disclosed by Defendants. Depositions of additional representatives of Defendants or third parties, identified through discovery, may also be necessary. Plaintiff anticipates that it may seek to depose additional fact witnesses, including third parties or additional representatives of Defendants, the identities of whom will be determined by information obtained in written discovery and/or depositions.

Defendants anticipate conducting discovery on the following topics, among others: the validity and enforceability of Plaintiff's asserted trademarks; the scope and applicability of the 1997 Settlement Agreement and 1998 Judgment, including the mutual obligations and restrictions imposed on both parties; Plaintiff's compliance with its obligations under the Settlement Agreement, including its use of "FRISKO" and related marks; the parties' course of dealing and conduct during the nearly three decades following the Settlement Agreement; third-party use of similar marks in the relevant marketplace; the distinctiveness and strength of Plaintiff's alleged marks; any instances of actual confusion, if any; the relevant consumer base and channels of trade for the parties' respective products; Plaintiff's delay in asserting its claims and the applicability of laches, waiver, acquiescence, and other applicable defenses; damages, if any; and the factual basis, if any, for claims against the individual Defendants.

Defendants intend to take discovery through written interrogatories, requests for production of documents, requests for admission, and depositions as appropriate.

Defendants anticipate deposing Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) and any expert witnesses designated by Plaintiff. Defendants reserve the right to take additional depositions as necessary based on information obtained through discovery.

### E. Discovery Cutoff

Plaintiff proposes April 15, 2026 as the cutoff date for completion of all fact discovery.

Defendants agree with Plaintiff's proposed cutoff date of April 15, 2026 for completion of all fact discovery.

### F. Discovery Phases

The Parties do not believe that discovery should be conducted in phases.

### G. Discovery Limitations

The Parties do not believe that any changes should be made to the limitations on discovery at this time, but reserve the right to modify their respective positions in the future.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree to service via email transmission for service that does not otherwise occur by virtue of the court's electronic filing system.

### H. Electronically Stored Information

The Parties are not presently aware of any unusual issues related to the disclosure, discovery, or preservation of electronically stored information. The Parties will meet and confer to resolve any issues regarding the format for production of electronically stored information.

### I. Privilege or Other Protections

The Parties agree that any privileged items withheld from disclosure prior to the time the Complaint was filed can be placed on a privilege log. The Parties will meet and confer should any such issues arise. The Parties intend to agree on reciprocal requirements with respect to privilege logs and related matters. The Parties

6

Case No. 2:25-cv-04785-RGK-RAO
JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)

agree to comply with F.R.E. 502 with respect to the inadvertent production of privileged or otherwise protected documents.

### J. Additional Orders

The Parties propose that dates shown in the Proposed Schedule below be included in the Court's scheduling order pursuant to Rule 16(b). The Parties do not believe that there are any other orders that the court should issue at this time under Federal Rules of Civil Procedure Rule 26(c) or under Rules 16(b) and (c).

During the Rule 26(f) meeting of counsel, the Parties agreed to the need for a protective order in this case and consented to the terms and filing of such an order. Plaintiff has given permission to Defendant to jointly file the agreed upon protective order.

## II. LOCAL RULE 26-1

### A. Complexity (Local Rule 26-1(a))

The Parties do not believe that there is a need to utilize the Manual for Complex Litigation.

### B. Motion Schedule (Local Rule 26-1(b))

Plaintiff proposes the cutoff for filing dispositive motions be August 10, 2026 and anticipates filing a motion for summary adjudication or summary judgment.

Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which is tentatively set for hearing on October 20, 2025. Defendants anticipate potentially filing additional motions, which may include a motion for summary judgment or summary adjudication, and reserve the right to file a cross-complaint following the Court's ruling on the pending Motion to Dismiss. Defendants agree to the proposed cutoff for filing dispositive motions be August 10, 2026.

### C. ADR (Local Rule 26-1(c))

The Parties have discussed the issue of a settlement. Plaintiff prefers a magistrate judge as its ADR preference (ADR PROCEDURE NO. 1).

Defendants agree that ADR proceedings may be beneficial in this case and are willing to participate in settlement proceedings before a magistrate judge (ADR Procedure No. 1). However, Defendants believe that any ADR proceedings would be most productive after the Court has ruled on Defendants' pending Motion to Dismiss and after the parties have exchanged initial disclosures and conducted sufficient discovery to evaluate their respective positions. Defendants therefore propose that settlement proceedings occur after the completion of written discovery.

The Parties believe that settlement proceedings should occur by May 27, 2026 as proposed below.

### D.   Trial Estimate (Local Rule 26-1(d))

Plaintiff estimates a 5 day trial and proposes that trial be commenced on or after October 26, 2026.

Defendants believe that a 7-day trial would be more appropriate given the complexity of the issues, which include multiple trademark infringement claims, breach of a decades-old Settlement Agreement requiring interpretation of mutual obligations, potential cross-claims, and the likelihood of expert testimony on trademark issues. Defendants agree with Plaintiff's proposed trial commencement date on or after October 26, 2026.

### E.   Additional Parties (Local Rule 26-1(e))

At this time, the Parties do not anticipate the addition of new parties to this action. The Parties propose that the deadline to join parties be set for 30 days after entry of the Court's Scheduling Order. However, both Parties reserve the right to seek to join additional parties for good cause shown if and when warranted by the facts and circumstances of the case.

### F.   Expert Witnesses (Local Rule 26-1(f)):

The Parties agree and propose initial expert witness disclosures by May 18, 2026 and rebuttal expert witness disclosures by June 15, 2026, with expert depositions to be concluded by July 13, 2026.

## III. SUMMARY OF PROPOSED SCHEDULE:

The Parties' proposals for the case schedule are set forth in the table below.

| Event | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Exchange Rule 26(a)(1) disclosures | September 18, 2025 | September 18, 2025 |
| Last Day to Amend Pleading or Add Parties | 30 days after entry of the Court's Scheduling Order | 30 days after entry of the Court's Scheduling Order |
| Settlement Conference | On or before May 27, 2026 | After completion of written discovery. |
| Close of Fact Discovery | April 15, 2026 | April 15, 2026 |
| Initial Expert Witness Disclosure | May 18, 2026 | May 18, 2026 |
| Rebuttal Expert Witness Disclosures | June 15, 2026 | June 15, 2026 |
| Close of Expert Discovery | July 13, 2026 | July 13, 2026 |
| Last day to file Motions for Summary Judgment or other dispositive motions | August 10, 2026 | August 10, 2026 |
| Last day to conduct ADR (L.R. 16-15.2) | August 24, 2026 | August 24, 2026 |
| File Memo of Contentions of Fact and Law (L.R. 16-4); Exhibit & Witness Lists (L.R. 16-5, 6) | August 31, 2026 | August 31, 2026 |
| Motion *in Limine* Briefs | September 9, 2026 | September 9, 2026 |
| File Pre-trial Conference Order (L.R. 16-7) | September 21, 2026 | September 21, 2026 |
| Final Pre-trial Conference | October 5, 2026 | October 5, 2026 |

| Event | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
|  |  |  |
| File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions, Verdicts, etc. | October 12, 2026 | October 12, 2026 |
| Trial | October 26, 2026 | October 26, 2026 |

DATED: September 11, 2025

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
SUSAN J. ALLISON
JESSICA BROMALL SPARKMAN
MADELINE LEI MOMI GOOSSEN

By: /s/*JESSICA BROMALL SPARKMAN*
       JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff BEN F. DAVIS COMPANY

DATED: September 11, 2025

FROST LLP

By:   */s/ Nico L. Brancolini*
           NICO L. BRANCOLINI

CHRISTOPHER FROST
KATHERINE R. PIERUCCI
NICO L. BRANCOLINI

Attorneys for Defendants
FRISCO COUNTY INC., dba FB COUNTY; TOM KIM, LAUREN A. KIM, AND BRANDON T. KIM