JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
SUSAN J. ALLISON (Bar No. 133448)
*sallison@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
MADELINE LEI MOMI GOOSSEN (Bar No. 357733)
*mgoossen@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

BEESON SKINNER BEVERLY, LLP
BRIAN BEVERLY (Bar No. 103089)
*bbeverly@bsbllp.com*
STEWART R. KELLAR (Bar No. 267747)
*skellar@bsbllp.com*
One Kaiser Plaza, Suite 750
Oakland, California 94612-3611
Telephone: (510) 832-8700
Facsimile: (510) 836-2595

*Attorneys for Plaintiff Ben F. Davis Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ben F. Davis Company, a California corporation,<br><br>            Plaintiff,<br><br>        v.<br><br>Frisco County Inc. dba FB County, a California corporation; Tom Kim, an individual; Lauren A. Kim, an individual; Brandon T. Kim, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:25-cv-04785-RGK-RAO<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A));**<br><br>**(3) FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B));**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>**(5) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).**<br><br>**(6) BREACH OF WRITTEN AGREEMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

73687256v1

For its Second Amended Complaint, plaintiff Ben F. Davis Company ("BFDC" or "Plaintiff") alleges as follows:

1.     Plaintiff owns the trademarks BEN'S and BEN DAVIS, as well as related design and logo marks. For more than 80 years, Plaintiff, and its predecessors, have been operating in or around the San Francisco Bay Area of California. Throughout that time, Plaintiff has designed and manufactured work and casual clothing under the marks BEN DAVIS and BEN'S, which have been in use since 1935 and 1964, respectively. Plaintiff is a fixture in the San Francisco Bay Area. Plaintiff also owns the trademark FRISKO, which it acquired in 1996, and that mark remains closely associated with Plaintiff. As a result of Plaintiff's use of these marks, consumers associate them exclusively with Plaintiff.

2.     Defendant Frisco County Inc. dba FB County ("FB County") is also in the business of manufacturing and distributing work and casual clothing and has been involved in litigation with Plaintiff before, specifically C.D. Cal. Case No. 2:96-cv-04970 entitled *Frisco County Inc. v. Ben F. Davis Company, et al*. To settle that prior litigation, FB County and its President, defendant Tom Kim ("Tom Kim"), on the one hand, and Plaintiff, on the other hand, entered into an agreement effective as of December 16, 1997 (the "Settlement Agreement"). Among other things, FB County and Tom Kim agreed (1) not to use "FRISCO" other than as a part of certain limited uses of "Frisco County" and "Frisco County, Inc." explicitly allowed in the Settlement Agreement and (2) not to use "BEN" as any part of a trademark or trade name for clothing. Additionally, a judgment was entered in the prior lawsuit, enjoining FB County and Tom Kim from (1) using "FRISCO" other than as a part of certain limited uses of "Frisco County" and "Frisco County, Inc." specifically allowed in the judgment and (2) using "BEN" as any part of a trademark or trade name for clothing.

3.     In violation of the Settlement Agreement and the Judgment, and fully aware of and with total disregard for Plaintiff's rights in the FRISKO, BEN'S, and

2

SECOND AMENDED COMPLAINT

1  BEN DAVIS marks, FB County and Tom Kim adopted and have been using the

2  mark FRISCO BEN in connection with work and casual apparel and footwear in

3  direct competition with Plaintiff. FB County prominently features the mark on

4  products, as well as on its website, and advertises to its customers that the "FB" in

5  FB County stands for "Frisco Ben."

6    4.    Not surprisingly, the uses of FRISCO BEN have led to instances of

7  actual confusion, including among consumers and retailers of the parties' goods.

8  This is a straightforward case of trademark infringement. Defendants were well

9  aware of Plaintiff's rights but proceeded anyway. FB County was again notified of

10  Plaintiff's rights when Plaintiff sent a cease-and-desist letter on March 20, 2025.

11  Still, FB County's infringing conduct persists.

12    5.    FB County is selling FRISCO BEN-branded products in direct

13  competition with Plaintiff and its continued infringement of Plaintiff's marks will

14  continue to confuse consumers, interfere with Plaintiff's sales, and damage

15  Plaintiff's reputation. If FB County is not enjoined, Plaintiff will lose control of its

16  marks and reputation, which it has been using and in which it has been developing

17  goodwill for nearly 100 years. Thus, Plaintiff brings this lawsuit.

18

19              **THE PARTIES**

20    6.    Plaintiff BFDC is a California corporation with offices at 3140 Kerner

21  Boulevard, San Rafael, California 94901.

22    7.    Defendant FB County is a California corporation with an address at

23  1500 Esperanza Street, Los Angeles, California 90023.

24    8.    Defendant Tom Kim is an individual having an address at 1500

25  Esperanza Street, Los Angeles, California 90023. Tom Kim is the Chief Executive

26  Officer and Secretary of FB County. Tom Kim is a Director of FB County. Tom

27  Kim is the agent for service of process for FB County.

28

73687256v1

3

9.    Defendant Lauren A. Kim ("Lauren Kim") is an individual having an address at 1500 Esperanza Street, Los Angeles, California 90023. Lauren Kim is the Chief Financial Officer and Vice-President of Sales at FB County.

10.    Defendant Brandon T. Kim ("Brandon Kim") is an individual having an address at 1500 Esperanza Street, Los Angeles, California 90023. Brandon Kim is a Vice-President and Director of FB County.

11.    Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. With defendant FB County, Does 1 through 10 are, at times, collectively referred to herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

12.    Plaintiff is informed and believes and, based thereon, alleges that at all relevant times, each of the Defendants, including defendants Does 1 through 10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes and, based thereon, alleges that each Defendant, including the fictitiously named Defendants, directed, aided, and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes and, based thereon, alleges that, at all relevant times, to the extent that the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

1

## JURISDICTION AND VENUE

2      13.    This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

3  §§ 1331 and 1338(a) over the federal unfair competition and false advertising

4  claims, which arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and has

5  jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair

6  competition, common law trademark infringement, and breach of contract claims

7  because they arise from the same common nucleus of operative facts and

8  transactions, such that they form part of the same case or controversy and a plaintiff

9  would ordinarily be expected to try them all in a single judicial proceeding.

10      14.    This Court has personal jurisdiction over the Defendants. FB County is

11  a California corporation operating in Los Angeles. On information and belief, each

12  of the individual Defendants resides in Los Angeles. Plaintiff is further informed,

13  and believes, and based thereon, alleges that the conduct giving rise to this suit

14  occurred, at least in part, in California, including, the sale, offer for sale, and/or

15  advertising of products and/or services in connection with infringing trademarks in

16  this judicial district. Further, Defendants either knew or should have known that

17  their infringing conduct would have consequences in California and that the harm to

18  Plaintiff arising from Defendants' conduct would occur (and, in fact did occur) in

19  California.

20      15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and

21  (c). Plaintiff is informed and believes and, based thereon, alleges, that a substantial

22  part of the events and/or omissions giving rise to the claims against Defendants

23  occurred in this District. Further, Defendants' corporate address is in this judicial

24  district.

25

26

27

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

## GENERAL ALLEGATIONS

### Plaintiff and its Trademarks

16.     Plaintiff owns the trademark BEN'S (the "BEN'S Mark"), which it, and/or its predecessor, has been using in connection with work and casual apparel, in particular, pants, since at least as early as 1964.

17.     The BEN'S Mark is the subject of U.S. Reg. No. 3902443 (the "BEN'S Reg."), issued on January 11, 2011, for clothing, namely pants and overalls, which registration is incontestable.

18.     The BEN'S Mark is a strong mark and it is inherently distinctive. BEN'S is arbitrary with respect to work and casual apparel. Further, the BEN'S Reg. issued without any requirement that Plaintiff prove secondary meaning, confirming that the mark is inherently distinctive. Even if the BEN'S Mark were not inherently distinctive (and it is), through its widespread, longstanding, exclusive, and continuous use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff.

19.     Plaintiff owns the trademark BEN DAVIS (the "BEN DAVIS Mark"), which it, or its predecessor, has been using in connection with work and casual apparel, in particular, pants, shirts, and jackets, since at least as early as 1935.

20.     The BEN DAVIS Mark is the subject of U.S. Reg. No. 2049013 (the "BEN DAVIS Reg."), issued on April 1, 1997, for clothing, namely, pants, work pants, jeans, work jeans, trousers, work trousers, overall, coveralls, aprons, shirts, work shirts, shop coats, jackets and work jackets, which registration is incontestable.

21.     The BEN DAVIS Mark is a strong mark and it is inherently distinctive. BEN DAVIS is arbitrary with respect to work and casual apparel. Further, the BEN DAVIS Reg. issued without any requirement that Plaintiff prove secondary meaning, confirming that the mark is inherently distinctive. Even if the BEN DAVIS Mark were not inherently distinctive (and it is), through its widespread,

longstanding, exclusive, and continuous use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff.

22.    Plaintiff owns the trademark BEN DAVIS & Design (the "BEN DAVIS Logo"), which it, or its predecessor, has been using in connection with work and casual apparel, in particular, pants, shirts, and jackets, since at least as early as 1935.



23.    The BEN DAVIS Logo is the subject of U.S. Reg. No. 1819032 (the "BEN DAVIS Logo Reg."), issued on February 1, 1994, for clothing, namely, pants, work pants, jeans, work jeans, trousers, work trousers, overall, coveralls, aprons, shirts, work shirts, shop coats, jackets and work jackets, which registration is incontestable.

24.    The BEN DAVIS Logo is a strong mark and it is inherently distinctive. The BEN DAVIS Logo is arbitrary with respect to work and casual apparel. Further, the BEN DAVIS Logo issued without any requirement that Plaintiff prove secondary meaning, confirming that the mark is inherently distinctive. Even if the BEN DAVIS Logo were not inherently distinctive (and it is), through its widespread, longstanding, exclusive, and continuous use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff.

25.    Plaintiff owns the trademark FRISKO, which it acquired in 1996 (the "FRISKO Mark"). The mark is closely associated with Plaintiff and its BEN'S and BEN DAVIS marks. The FRISKO Mark is a strong mark and it is inherently distinctive. FRISKO is arbitrary with respect to work and casual apparel. Even if the FRISKO Mark were not inherently distinctive (and it is), as a result of its use and promotion, it has acquired distinctiveness and is uniquely associated with Plaintiff.

Among other displays, Plaintiff has used, and owns, the FRISKO BEN DAVIS Logo shown below.



### Prior Lawsuit, Settlement, and Judgment

26.     Beginning in 1996, FB County and BFDC were parties to a lawsuit entitled *Frisco County, Inc. v. Ben F. Davis Company*, C.D. Cal. Case No. 2:96-cv-04970 (the "Prior Lawsuit").

27.     The parties resolved the Prior Lawsuit, entering the Settlement Agreement, effective December 16, 1997.

28.     The Settlement Agreement prohibits both Tom Kim and FB County from: (1) using "Frisco" in any way other than certain limited uses of "Frisco County" and "Frisco County, Inc." explicitly allowed by the Agreement; and (2) using "Ben" as any part of a trademark or tradename for clothing. *See* Section 3.1, 3.3, and 3.6 of the Agreement.

29.     In direct violation of the Settlement Agreement, FB County and Tom Kim are using FRISCO BEN in connection with apparel and shoes, on packaging, on FB County's website at fbcountyusa.com, and on FB County's various social media channels. Among other things, the FB County website affirmatively states: "The FB in FB County stands for Frisco Ben." FB County has also applied to register the trademark FRISCO BEN. All of the foregoing breaches Sections 3.3 and 3.6 of the Settlement Agreement.

30.     A judgment was entered in the Prior Lawsuit (the "Judgment") dated January 20, 1998. The Judgment enjoined both FB County and Tom Kim from (1) using "Frisco" in any way other than certain limited uses of "Frisco County" and

"Frisco County, Inc." explicitly allowed by the Judgment; and (2) using "Ben" as any part of a trademark or tradename for clothing. The Judgment is also binding on "anyone acting in active concert or participation with" FB County or Tom (which includes FB County officers Lauren Kim and Brandon Kim). The same conduct identified above as a breach of the Agreement was also prohibited by the Judgment.

31.    Pursuant to Paragraph 3.11 of the Settlement Agreement, on or about July 17, 2025, BFDC notified FB County and Tom Kim, by confirmed fax transmission and by email, that they were in breach of the Settlement Agreement and specified the requested cure. More than 15 business days have elapsed from the date of notice and the breaches have not been cured.

### Defendants' Unlawful Conduct

32.    Recently, although Defendants are based in Los Angeles and have no apparent connection to San Francisco, Defendants adopted and began using the trademark FRISCO BEN in connection with work and casual apparel. Among other things, Defendants apply the mark FRISCO BEN to the hoodies, shirts, and shoes, apply the mark FRISCO BEN to product packaging, use the mark FRISCO BEN in online retail sales listings for its products, and use the mark FRISCO BEN to promote and advertise its products on its website and social media pages.

33.    Defendants also frequently used FB COUNTY, in which the letters FB are used to refer to FRISCO BEN. Specifically, Defendants' website specifies that "[t]he FB in FB COUNTY stands for FRISCO BEN."

34.    On or about February 7, 2024, FB County applied to register the trademark FRISCO BEN, U.S. App. Ser. No. 98396021. In support of its trademark application, and as evidence of its use of the mark FRISCO BEN, it submitted images of sweatshirts bearing the FRISCO BEN trademark.

35.    Defendants are using the FRISCO BEN mark in connection with the same types of goods in connection with which Plaintiff's uses the FRISKO Mark,

JMBM | Jeffer Mangels Butler & Mitchell LLP

the BEN'S Mark, the BEN DAVIS Mark, the BEN DAVIS Logo, and FRISKO BEN DAVIS Logo (collectively, "Plaintiff's Marks"), namely, work shirts and pants popular in streetwear style. Moreover, both parties' goods are the same general style of goods and popular with the same consumers. One article describes FB County products as "staples of streetwear style," having been featured in *Fast and the Furious* and *Straight Outta Compton*, as well as "[j]ust about every other TV show and film that highlights street style and culture." The Wikipedia entry for Plaintiff notes that the brand "is popular in some music-related subcultures, especially West Coast rappers" and notes that the clothes have been worn in music videos by Dr. Dre, Eazy-E, and Ice Cube (whose early lives were depicted in the movie *Straight Outta Compton*).

36.    Defendants also sell their FRISCO BEN goods through the same marketing channels as Plaintiff sells the goods in connection with which it uses Plaintiff's Marks. The parties' goods are sold in the same types of stores and also are sold in the exact same stores, side-by-side, and to the same type of consumers.

37.    Both parties' goods are relatively inexpensive. FB County's FRISCO BEN products are shirts and shoes that, in general, retail in the range of $25-$80. The goods in connection with Plaintiff uses each of Plaintiff's Marks are in the $30-$120 range.

38.    Plaintiff was founded in San Francisco and has operated there for nearly a century. It is closely associated with the city. "Frisco" is a common nickname for San Francisco. A popular Instagram fan account of Plaintiff uses the handle @friskobens to refer to Plaintiff and identify itself as a fan of Plaintiff and its apparel. Defendants, in contrast, are based in Los Angeles and have no apparent connection to San Francisco.

39.    As noted above, the use of the mark FRISCO BEN, and indeed of any mark incorporating BEN, was prohibited by the agreement between Plaintiff, FB

10

SECOND AMENDED COMPLAINT

County, and Tom Kim. Notwithstanding this agreement, Defendants adopted and used the mark FRISCO BEN to compete directly with Plaintiff.

40.    Not surprisingly, consumer confusion is already occurring as a result of Defendants' use of FRISCO BEN. On one of FB County's Instagram posts promoting its FRISCO BEN products, a user tagged the @friskobens fan account referenced above. On the same post, another user comments that "The Frisco Ben logo takes me back to the era of swap meet knock off's of Frisko's Ben Davis . . . ." On another post, a user comments "Frisko Ben back in 1993." Another user asks "so its like part of Frisco Ben Davis?" to which another user replies "they bought Frisko Ben's from BD."

41.    Defendants' unauthorized and infringing use of FRISCO BEN, described herein, commenced long after Plaintiff's first use of each of Plaintiff's Marks.

42.    Defendants' use of FRISCO BEN, and its advertising that the "FB" in FB COUNTY stands for FRISCO BEN, is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association with Plaintiff and/or each of its registered marks referred to herein, namely, the BEN'S Mark, the BEN DAVIS Mark, and the BEN DAVIS Logo. Consumers are likely to believe that Defendants' FRISCO BEN mark is merely a reference to Plaintiff or indicates some connection, association, or affiliation with Plaintiff.

43.    FB County has long been familiar with Plaintiff and its trademark rights. Plaintiff also sent a cease-and-desist letter to FB County on or around March 20, 2025, notifying it, again, of Plaintiffs' rights. Still, Defendants continue to use FRISCO BEN and to inform consumers that the "FB" in FB County refers to FRISCO BEN, all without Plaintiff's authorization or consent.

44.    <u>Likelihood of confusion with the BEN'S Mark</u>: Plaintiff's mark is BEN'S. Defendant's Mark is FRISCO BEN. Plaintiff is closely associated with the

JMBM | Jeffer Mangels Butler & Mitchell LLP

city of San Francisco (nicknamed "Frisco"), where it has been located for nearly a century and is referred to by fans as "Frisko Ben's." Plaintiff also owns and uses the FRISKO Mark and the FRISKO BEN DAVIS Logo. As discussed above, the goods in connection with which the parties use their respective marks are identical in type, sold to the same consumers, through the same stores. As discussed above, the BEN'S Mark is a strong mark. It is inherently distinctive, the subject of an incontestable federal trademark registration, and has been in widespread use, throughout the United States, for more than 60 years. FB County and Tom Kim are prohibited from using the mark FRISCO BEN, or any other mark incorporating BEN, by an agreement between Plaintiff, FB County, and Tom Kim. Actual confusion between FB County and Plaintiff is already occurring.

45.   <u>Likelihood of confusion with the BEN DAVIS Mark</u>: Plaintiff's mark is BEN DAVIS. Defendant's Mark is FRISCO BEN. Plaintiff is closely associated with the city of San Francisco (nicknamed "Frisco"), where it has been located for nearly a century and is referred to by fans as "Frisko Ben's." Plaintiff also owns and uses the FRISKO Mark, the BEN'S Mark, and the FRISKO BEN DAVIS Logo. As discussed above, the goods in connection with which the parties use their respective marks are identical in type, sold to the same consumers, through the same stores. As discussed above, the BEN DAVIS Mark is a strong mark. It is inherently distinctive, the subject of an incontestable federal trademark registration, and has been in widespread use, throughout the United States, for more nearly a century. FB County and Tom Kim are prohibited from using the mark FRISCO BEN, or any other mark incorporating BEN, by an agreement between Plaintiff, FB County, and Tom Kim. Actual confusion between FB County and Plaintiff is already occurring.

46.    Likelihood of confusion with the BEN DAVIS Logo: Plaintiff's mark is:



Defendants' Mark is FRISCO BEN. Plaintiff is closely associated with the city of San Francisco (nicknamed "Frisco"), where it has been located for nearly a century and is referred to by fans as "Frisko Ben's." Plaintiff also owns and uses the FRISKO Mark, the BEN'S Mark, and the BEN DAVIS Mark. As discussed above, the goods in connection with which the parties use their respective marks are identical in type, sold to the same consumers, through the same stores. As discussed above, the BEN DAVIS Logo is a strong mark. It is inherently distinctive, the subject of an incontestable federal trademark registration, and has been in widespread use, throughout the United States, for nearly a century. FB County and Tom Kim are prohibited from using the mark FRISCO BEN, or any other mark incorporating BEN, by an agreement between Plaintiff, FB County, and Tom Kim. Actual confusion between FB County and Plaintiff is already occurring.

47.    Likelihood of confusion with the FRISKO Mark: Plaintiff's Mark is FRISKO, which it acquired in 1996. Defendants' Mark is FRISCO BEN. Plaintiff also owns and uses the BEN'S Mark, the BEN DAVIS Logo, and the FRISKO BEN DAVIS Logo. As discussed above, the goods in connection with which the parties use their respective marks are identical in type, sold to the same consumers, through the same stores. As discussed above, the FRISKO Mark is a strong mark. It is inherently distinctive and has been in widespread use, throughout the United States. FB County and Tom Kim are prohibited from using the mark FRISCO BEN, or any other mark incorporating BEN, by an agreement between Plaintiff, FB County, and Tom Kim. Actual confusion between FB County and Plaintiff is already occurring.

48.    <u>Likelihood of confusion with the FRISKO BEN DAVIS Logo</u>: Plaintiff's mark is:



Defendants' Mark is FRISCO BEN. Plaintiff is closely associated with the city of San Francisco (nicknamed "Frisco"), where it has been located for nearly a century and is referred to by fans as "Frisko Ben's." Plaintiff is referred to by fans as "Frisko Ben's" and also, owns and uses the FRISKO Mark, the BEN'S Mark, and the BEN DAVIS Logo. As discussed above, the goods in connection with which the parties use their respective marks are identical in type, sold to the same consumers, through the same stores. As discussed above, the FRISKO BEN DAVIS Logo is a strong mark. It is inherently distinctive and has been in widespread use, throughout the United States. It references and incorporates Plaintiff's BEN DAVIS Mark and BEN DAVIS Logo, both of which have been in widespread use for nearly a century. FB County and Tom Kim are prohibited from using the mark FRISCO BEN, or any other mark incorporating BEN, by an agreement between Plaintiff, FB County, and Tom Kim. Actual confusion between FB County and Plaintiff is already occurring.

49.    Tom Kim is an officer and a director of FB County. Lauren Kim is CFO and Vice-President of Sales for FB County and her LinkedIn profile indicates she was previously the Wholesale Manager for the brand. Brandon Kim is a director and a Vice-President for FB County. According to public reporting, FB County's team is comprised of just five people, which presumably includes Tom Kim, Lauren Kim, and Brandon Kim. Tom Kim has been quoted in public reports discussing FB County's growth and social media strategy. Posts on FB County's Facebook and Instagram accounts state that: "There is just 4 OF US. . . The same 4 people packing your orders, designing your clothes, running all the social media platforms, watching our financing… 4 people, that's it!"

50.     Based on these public reports and their titles and roles within FB County, on information and belief, defendants Tom Kim, Lauren Kim, and Brandon Kim were each part of the small team operating FB County and each authorized, directed, and/or participated in designing the FRISCO BEN products, advertising the FRISCO BEN products on FB County's social media platforms, taking, packing, and shipping orders direct to consumers, including FRISCO BEN products, managing wholesale customers and accounts and distributing products, including FRISCO BEN products to retail stores and other resellers, and engaging in discussions with licensees and potential licensees, including for FRISCO BEN'S products. On information and belief, each were familiar with Plaintiff and its trademark rights and each personally authorized, directed, and/or participated in the infringing conduct described above, including in FB County's use of the FRISCO BEN trademark and its manufacture, advertising, promotion, offer for sale, and sale of products and packaging bearing the FRISCO BEN trademark.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement

(15 U.S.C. § 1114)

(Against All Defendants)

51.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

52.     Defendants, through the acts and omissions described herein, have each used and continue to use FRISCO BEN in commerce in connection with the sale, offering for sale, distribution, and advertising, of goods, and to inform consumers of its goods that the "FB" in FB COUNTY refers to FRISCO BEN.

53.     Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association with Plaintiff

and/or each the registered BEN'S Mark, as described in detail above. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

54.     Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association with Plaintiff and/or each the registered BEN DAVIS Mark, as described in detail above. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

55.     Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association with Plaintiff and/or each the registered BEN DAVIS Logo, as described in detail above. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

56.     Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use any of Plaintiff's Marks, including the BEN'S Mark, the BEN DAVIS Mark, and the BEN DAVIS Logo, either alone or in combination, or any other related design or logo marks.

57.     Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114 of Plaintiff's rights in each of the BEN'S Mark, the BEN DAVIS Mark, and the BEN DAVIS Logo.

58.     Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants, to directly infringe the BEN'S Mark, the BEN DAVIS Mark, and the BEN DAVIS Logo; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods. Among other things, Defendants have sold infringing products to one or more third

parties, inducing them to resell those goods, resulting in direct infringement by each such third-party reseller. Among other things, Defendants have licensed third parties to produce infringing products, inducing them to manufacture and distribute those goods, resulting in direct infringement by each such third party.

59.    Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with licensees or other third-party infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

60.    Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the BEN'S Mark, the BEN DAVIS Mark, and the BEN DAVIS Logo, as well as related design and logo marks. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Plaintiff's goodwill.

61.    As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

62.    Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the FRISCO BEN, including to advertise that the "FB" in FB COUNTY stands for FRISCO BEN, or any other mark confusingly similar to any of BEN'S Mark, the BEN DAVIS Mark, and the BEN DAVIS Logo, or any related design and logo marks. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

63.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' infringing

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1   conduct, as well as an order awarding all of Defendants' profits traceable to

2   Defendants' conduct.

3       64.    Pursuant to 15 U.S.C. § 1117(a), and because Defendants' conduct

4   described herein was intentional and in blatant disregard of Plaintiff's rights,

5   Plaintiff is entitled to, and hereby seek, an award tripling any damages or profits

6   established at trial.

7       65.    Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks,

8   an order for the destruction of all materials constituting, advertising, promoting,

9   marked or labeled, or for use marking or labeling apparel bearing FRISCO BEN or

10  advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or to use any

11  other marks confusingly similar to the BEN'S Mark, the BEN DAVIS Mark, and the

12  BEN DAVIS Logo, or any related design and logo marks.

13      66.    Defendants' actions make this an exceptional case under 15 U.S.C.

14  § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and

15  costs, pursuant to 15 U.S.C. § 1117(a).

16      67.    Defendants' infringing acts violate both the Settlement Agreement

17  between Plaintiff and FB County and Tom Kim resolving their prior trademark

18  litigation and the terms of a Judgment issued by the U.S. District Court for the

19  Central District of California in that prior litigation. That Defendants' conduct is

20  specifically prohibited by the terms of the Settlement Agreement highlights both the

21  potential for confusion created by that conduct and that the parties long ago foresaw

22  that this type of conduct would result in a likelihood of confusion. In light of the

23  foregoing, disgorgement of profits is particularly appropriate in this matter. Further,

24  the cases is plainly "exceptional," warranting an award of attorneys' fees.

25

26

27

28

# SECOND CLAIM FOR RELIEF

## Unfair Competition

(15 U.S.C. § 1125(a)(1)(A))

(Against All Defendants)

68.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

69.     Defendants, through the acts and omissions described herein, have each used and continue to use, in commerce words, terms, names, symbols, false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including using FRISCO BEN in connection with apparel or advertising that the "FB" in FB County stands for FRISCO BEN.

70.     Defendants' above-described conduct and use of FRISCO BEN and advertising that the "FB" in FB COUNTY stands for FRISCO BEN is causing and is likely to cause confusion, or reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff or any of Plaintiff's Marks, namely, the FRISKO Mark, the BEN'S Mark, the BEN DAVIS Mark, the BEN DAVIS Logo, and FRISKO BEN DAVIS Logo, or as to the origin, sponsorship, or approval of Defendants' apparel or other commercial activities by Plaintiff, or vice versa, none of which is not the case.

71.     As described in detail above, Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff or the BEN'S Mark, or as to the origin, sponsorship, or approval of Defendants' apparel or other commercial activities by Plaintiff, or vice versa, none of which is not the case.

72.     As described in detail above, Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants

with Plaintiff or the BEN DAVIS Mark, or as to the origin, sponsorship, or approval of Defendants' apparel or other commercial activities by Plaintiff, or vice versa, none of which is not the case.

73.    As described in detail above, Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff or the BEN DAVIS Logo, or as to the origin, sponsorship, or approval of Defendants' apparel or other commercial activities by Plaintiff, or vice versa, none of which is not the case.

74.    As described in detail above, Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff or the FRISKO Mark, or as to the origin, sponsorship, or approval of Defendants' apparel or other commercial activities by Plaintiff, or vice versa, none of which is not the case.

75.    As described in detail above, Defendants' above-described conduct is causing and is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff or the FRISKO BEN DAVIS Logo, or as to the origin, sponsorship, or approval of Defendants' apparel or other commercial activities by Plaintiff, or vice versa, none of which is not the case.

76.    Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, use, or provide any goods and/or services or other commercial activities bearing FRISCO BEN or to advertise that the "FB" in FB COUNTY stands for FRISCO BEN, or to use any of Plaintiff's Marks, or any other other mark confusingly similar any of Plaintiff's Marks, or any related design and logo marks.

77.    Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A).

78.    Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe each of Plaintiff's Marks, as well as related design and logo marks; and/or they have continued to provide others with infringing goods and/or services, with knowledge of the direct infringers' use or sale of the infringing goods and/or services. Among other things, Defendants have sold infringing products to numerous third parties inducing them to resell those goods, resulting in direct infringement by each such third-party reseller. Among other things, Defendants have licensed third parties to produce infringing products, inducing them to manufacture and distribute those goods, resulting in direct infringement by each such third party.

79.    Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with the licensees or other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing goods and/or services.

80.    Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to each of Plaintiff's Marks, as well as related design and logo marks. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

81.    Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of FRISCO BEN, including to advertise that the "FB" in FB COUNTY stands for FRISCO BEN, or use any other mark confusingly similar to any of Plaintiff's Marks, or any related design and logo marks. Unless such an injunction issues, Defendants' infringing conduct will

1  continue to cause confusion, mistake, or to deceive as to source, origin, affiliation,

2  approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

3        82.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby

4  seeks, an order awarding it all of its damages caused by Defendants' conduct, as

5  well as an order awarding all of Defendants' profits traceable to Defendants'

6  conduct.

7        83.    Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct

8  described herein was intentional and in willful and blatant disregard of Plaintiff's

9  rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual

10  damages established at trial.

11        84.    Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks,

12  an order for the destruction of all materials constituting, advertising, promoting,

13  marked or labeled, or for use marking or labeling apparel bearing FRISCO BEN or

14  advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or to use any

15  other mark confusingly similar to any of Plaintiff's Marks, or any related design and

16  logo marks.

17        85.    Defendants' actions make this an exceptional case under 15 U.S.C.

18  § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and

19  costs, pursuant to 15 U.S.C. § 1117(a).

20        86.    Defendants' infringing acts violate both the Settlement Agreement

21  between Plaintiff and FB County and Tom Kim resolving their prior trademark

22  litigation and the terms of a Judgment issued by the U.S. District Court for the

23  Central District of California in that prior litigation. That Defendants' conduct is

24  specifically prohibited by the terms of the Settlement Agreement highlights both the

25  potential for confusion created by Defendants' conduct and that the parties' long ago

26  foresaw that this type of conduct would create a likelihood of confusion. In light of

27  the foregoing, disgorgement of profits is particularly appropriate in this matter.

28  Further, the cases is plainly "exceptional," warranting an award of attorneys' fees.

JMBM | Jeffer Mangels Butler & Mitchell LLP

**THIRD CLAIM FOR RELIEF**

False Advertising

(15 U.S.C. § 1125(a)(1)(B))

87.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

88.    Defendants, through the acts and omissions described herein, have used and continue to use, in interstate commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including using the name FRISCO BEN and advertising that the "FB" in FB COUNTY stands for FRISCO BEN, in commercial advertising or promotion. These statements misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' their goods and/or services, including, by falsely suggesting that such goods and/or services are Plaintiff's goods and/or services or that they are approved by or affiliated with Plaintiff, which they which they are not, or by falsely suggesting that Defendants' goods originate from San Francisco, which they do not.

89.    FRISCO BEN appears in commercial advertising or promotion, including on FB County's website and social media pages, promoting and advertising FRISCO BEN branded goods. FRISCO BEN also appears in commercial advertising or promotion, including on FB County's website, as part of the phrase "The 'FB' in FB COUNTY stands for FRISCO BEN." These uses constitutes uses in commercial advertising or promotion, because they are uses, directed to consumers, in advertisements, promotions, and/or offers for sale of FRISCO BEN goods.

90.    Use of FRISCO BEN in this manner constitutes a false or misleading description or representation of fact. First, FRISCO BEN is confusingly similar to Plaintiff's well-known BEN'S Mark, BEN DAVIS Mark, BEN DAVIS Logo, FRISKO Mark, and FRISKO BEN DAVIS Logo. Using FRISCO BEN in

commercial advertising for FRISCO BEN branded goods falsely suggests that those products originate from Plaintiff or that they are approved, sponsored, or endorsed by Plaintiff, that Defendants, or their products, are otherwise affiliated with Plaintiff, which is not the case. Second, using FRISCO BEN in commercial advertising falsely suggests that Defendants' products, including but not limited to its FRISCO BEN products, as well as the company itself, originate from the city of San Franciso, which also is not the case.

91.     These false statements are material. Consumers that are familiar with Plaintiff's Mark and its reputation for excellence will be more likely to purchase FRISCO BEN branded goods believing there to be a connection between those goods and Plaintiff and the goods in connection with it uses Plaintiff's Marks.

92.     Additionally, association with San Francisco is desirable, including because of Plaintiff's long and well-known association with San Francisco, clothing of the type offered by both Plaintiff and Defendants will be viewed positively if it originated in San Francisco.

93.     Defendants false statements were made in connection with the advertising, sale, and offer for sale of goods and services, including on FB County's website and social media.

94.     The false statements were made in advertising and promotion in interstate commerce. Defendants' FRISCO BEN and other goods promoted by the use of FRISCO BEN are sold throughout the United States and the advertising in which FRISCO BEN is used is disseminated throughout the United States.

95.     Plaintiff has been, or is likely to be, damaged by the false statements. Consumers may mistakenly believe that FRISCO BEN branded products are Plaintiff's products, or that they are associated with or sponsored or approved by Plaintiff such that any fault found with Defendants' products may negatively impact Plaintiff and the value of Plaintiff's Mark. Similarly, Plaintiff is closely associated with San Francisco and this association is part of its brand identity. Defendants, in

using FRISCO BEN are using the false suggestion of a connection with San Francisco to compete directly with Plaintiff. Consumers may decide to purchase Defendants' products instead of Plaintiff's products.

96.    Defendants' false and materially misleading statements and omissions have actually deceived or have the tendency to deceive a substantial segment of their audience; that deception is material, in that it is likely to influence the audience's purchasing decision; and Plaintiff has been or is likely to have been injured as a proximate result of Defendants' false statements, including by damaging Plaintiff's reputation and by a lessening of the goodwill associated with Plaintiff's Marks.

97.    Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

98.    Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

99.    Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future false advertising by Defendants, as alleged herein, including further use of FRISCO BEN, including advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or use any other mark confusingly similar to any of Plaintiff's Marks, or any related design and logo marks. Unless such an injunction issues, Defendants' false advertising will continue to materially deceive the relevant public, thereby irreparably damaging Plaintiff.

100.   Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' false

JMBM | Jeffer Mangels
Butler & Mitchell LLP

advertising, as well as an order awarding all of Defendants' profits traceable to Defendants' false advertising.

101.    Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

102.    Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials constituting, advertising, promoting, marked or labeled, or for use marking or labeling apparel bearing FRISCO BEN or advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or including any of the false advertising as alleged herein.

103.    Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement
### (Against All Defendants)

104.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

105.    The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

106.    Defendants, through the acts and omissions described above, have used and continue to use, in commerce words, terms, names, symbols, and devices which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion, including reverse confusion, or to mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods and/or services or other commercial activities, or as to the

sponsorship or approval of Defendants' goods and/or services or other commercial activities by Plaintiff, or vice versa, none of which is the case.

107.   Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the FRISKO, BEN'S, and BEN DAVIS Marks, as well as related design and logo marks; and/or they have continued to provide others with infringing goods and/or services, with knowledge of the direct infringers' use or sale of the infringing goods and/or services.

108.   Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing goods and/or services.

109.   As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

110.   Plaintiff lacks an adequate remedy at law and seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including further use of FRISCO BEN, including advertising that the "FB" in FB COUNTY stands for FRISCO BEN, or use any other mark confusingly similar to the FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks. Unless such an injunction issues, Defendants' conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

111.   Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct by which Defendants were unjustly enriched.

1    112.   Defendants' conduct described herein was intentional and in willful and

2    blatant disregard of Plaintiff's rights. Defendants are guilty of intentional,

3    oppressive, malicious, reckless, and despicable conduct directed to Plaintiff in

4    conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover, and

5    hereby seeks, punitive damages from Defendants.

6

7    **FIFTH CLAIM FOR RELIEF**

8    Unfair Business Practices

9    (Cal. Bus. & Prof. Code § 17200)

10    (Against All Defendants)

11    113.   Plaintiff incorporates by reference the preceding paragraphs of this

12    Complaint as if set forth herein.

13    114.   Defendants have committed acts of illegal and unfair business

14    practices, as defined by Business and Professions Code Section 17200 *et seq*., by

15    engaging in, among other unfair practices, deceptive representations in violation of

16    Business and Professions Code § 17500, and violations of state and federal

17    trademark and unfair competition law.

18    115.   These acts and practices violate Business and Professions Code Section

19    17200, in that they are illegal, unfair, and/or fraudulent business practices.

20    116.   Plaintiff has been damaged by Defendants' actions alleged herein. By

21    creating a likelihood of confusion with each of Plaintiff's Marks, by creating a

22    likelihood of confusion or mistake as to a relationship, association, or connection

23    between Plaintiff and Defendants or as to Plaintiff's sponsorship, endorsement, or

24    approval of Defendant or the goods in connection with which it uses FRISCO BEN,

25    the economic value of Plaintiff's Marks and the goodwill therein and of Plaintiff's

26    reputation and the goodwill therein, has been and is being damaged.

27    117.   The unlawful, unfair and/or fraudulent business practices as described

28    above present a continuing threat to members of the public in that Plaintiff and

1  members of the general public have no other adequate remedy at law to halt and

2  remedy said practices and/or policies.

3      118.   As a direct and proximate result of the aforementioned acts, Defendants

4  received and continue to hold ill-gotten gains resulting from their unfair business

5  practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution

6  of all such gains.

7

8                  **FIFTH CLAIM FOR RELIEF**

9                  Breach of Written Agreement

10                 (Against FB County and Tom Kim)

11     119.   Plaintiff incorporates by reference the preceding paragraphs of this

12  Complaint as if set forth herein.

13     120.   Plaintiff, FB County, and Tom Kim are all parties to the Settlement

14  Agreement.

15     121.   As described above, FB County and Tom Kim have breached the

16  Settlement Agreement by using the trademark FRISCO BEN.

17     122.   Plaintiff performed each and every covenant and obligation required of

18  it under the Settlement Agreement, except such covenants and obligations as may

19  have been excused by the actions or conduct of FB County or Tom Kim.

20     123.   As a direct and proximate result of FB County's and Tom Kim's

21  conduct, Plaintiff has sustained and is entitled to recover compensatory and

22  consequential damages in an amount according to proof at trial.

23     124.   Plaintiff has been, and is being, irreparably damaged by FB County's

24  and Tom Kim's breaches of the agreement and, as such, is entitled to an injunction

25  prohibiting FB County and Tom Kim from engaging in further such breaches.

26     125.   Plaintiff is entitled to recover its attorneys' fees and costs incurred in

27  connection with this dispute.

28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.     For a temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and all of their officers, directors, stockholders, owners, agents, representatives, servants, and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1.     infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's rights, common law or otherwise, in any of Plaintiff's Marks, as well as related design and logo marks;

2.     using any words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including, without limitation, FRISCO BEN, including to advertise or otherwise state that the "FB" in FB COUNTY stands for FRISCO BEN, or use any other mark confusingly similar to any of Plaintiff's Marks, or any related design and logo marks, in connection with the sale, offering for sale, distribution, commercial advertising or promotion of goods and/or services or commercial activities that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods and/or services or other commercial activities, or as to the sponsorship or approval of Defendants' goods and/or services or other commercial activities by Plaintiff, or vice versa, or that misrepresents the nature, characteristics, or qualities of Defendants' or Plaintiff's goods and/or services or other commercial activities.

3.     engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff or any of Plaintiff's Marks, or any related design and logo marks;

4.     using FRISCO BEN, including to advertise or otherwise state that the "FB" in FB COUNTY stands for FRISCO BEN, or any other mark

1  confusingly similar to any of Plaintiff's Marks, or any related design and logo

2  marks, in connection with the sale, offering for sale, distribution, and advertising of

3  any goods or other commercial activities; and

4         5.    otherwise using FRISCO or BEN in violation of the Settlement

5  Agreement.

6      B.    Ordering Defendants to file with the Court and to serve on counsel for

7  Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth

8  the manner and form in which Defendants have complied with the injunction.

9      C.    For an order that, by the acts complained of herein, Defendants have

10  infringed Plaintiff's trademark rights in the BEN'S Mark, the BEN DAVIS Marks,

11  and the BEN DAVIS Logo, in violation of 15 U.S.C. § 1114.

12      D.    For an order that, by the acts complained of herein, Defendants have

13  infringed Plaintiff's rights in the BEN'S Mark, the BEN DAVIS Marks, the BEN

14  DAVIS Logo, the FRISKO Mark, and the FRISKO BEN DAVIS Logo, and that

15  Defendants' conduct violates 15 U.S.C. § 1125(a).

16      E.    For an order that, by the acts complained of herein, Defendants have

17  infringed Plaintiff's common law trademark rights and/or engaged in acts of

18  common law unfair competition against Plaintiff.

19      F.    For an order that, by the acts complained of herein, Defendants have

20  engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and

21  Prof. Code § 17200.

22      G.    For an order finding that Defendants' conduct alleged herein was

23  willful and intentional and in conscious disregard of Plaintiff's rights.

24      H.    For an order finding that Defendants Tom Kim, Lauren Kim, and

25  Brandon Kim authorized, directed, or participated in the infringing conduct

26  described herein.

27      I.    For an order finding that Defendants Tom Kim and FB County

28  breached the Settlement Agreement.

J.      For an order awarding Plaintiff general and/or specific damages, in an amount to be fixed by the Court in accordance with proof.

K.      For an order awarding all of Defendants' profits traceable to Defendants' conduct.

L.      For an order trebling any damage or profits established pursuant to 15 U.S.C. § 1117(a).

M.      For an order awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein.

N.      For an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets bearing FRISCO BEN, including to advertise or otherwise state that the "FB" in FB COUNTY stands for FRISCO BEN, or any other marks confusingly similar thereto, or any false advertising concerning Plaintiff, Plaintiff's marks, or Plaintiff's or Defendants' goods and/or services.

O.      For an order finding that this is an exceptional case, and awarding Plaintiff its costs and attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117(a).

P.      And, for an order awarding such other or further relief as the Court deems just and proper.

DATED: September 29, 2025    JEFFER MANGELS BUTLER & MITCHELL LLP
                             ROD S. BERMAN
                             SUSAN J. ALLISON
                             JESSICA BROMALL SPARKMAN
                             MADELINE LEI MOMI GOOSSEN

                             BEESON SKINNER BEVERLY, LLP
                             BRIAN BEVERLY
                             STEWART R. KELLAR
                             By:   /s/ *Jessica Bromall Sparkman*
                                   JESSICA BROMALL SPARKMAN
                                   Attorneys for Plaintiff Ben F. Davis Company

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

DATED: September 29, 2025    JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
SUSAN J. ALLISON
JESSICA BROMALL SPARKMAN
MADELINE LEI MOMI GOOSSEN


BEESON SKINNER BEVERLY, LLP
BRIAN BEVERLY
STEWART R. KELLAR

By:    /s/ *Jessica Bromall Sparkman*
JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff Ben F. Davis Company