JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
SUSAN J. ALLISON (Bar No. 133448)
*sallison@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
MADELINE LEI MOMI GOOSSEN (Bar No. 357733)
*mgoossen@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

BEESON SKINNER BEVERLY, LLP
BRIAN BEVERLY (Bar No. 103089)
*bbeverly@bsbllp.com*
STEWART R. KELLAR (Bar No. 267747)
*skellar@bsbllp.com*
One Kaiser Plaza, Suite 750
Oakland, California 94612-3611
Telephone: (510) 832-8700
Facsimile: (510) 836-2595

*Attorneys for Plaintiff Ben F. Davis Company*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ben F. Davis Company, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Frisco County Inc. dba FB County, a California corporation; Tom Kim, an individual; Lauren A. Kim, an individual; Brandon T. Kim, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-04785-RGK-RAO<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date: October 20, 2025<br>Time: 9:00 a.m.<br>Crtrm.: 850 |

73693361v1

OPPOSITION TO MOTION TO DISMISS

## I. DEFENDANTS' MOTION SHOULD BE DENIED

Plaintiff Ben F. Davis Company ("BFDC" or "Plaintiff") hereby opposes Dkt. 36, the Motion to Dismiss (the "Motion") Plaintiff's First Amended Complaint (the "FAC"), filed by defendants Frisco County, Inc. Tom Kim, Lauren A. Kim, and Brandon T. Kim (collectively, "Defendants").

Plaintiff denies that any of the arguments asserted by Defendants have any merit and opposes the Motion. Nonetheless, today, Plaintiff filed its Second Amended Complaint ("SAC"), Dkt. No. 43, pursuant to Fed. R. Civ. P. 15(a). Plaintiff submits that it addressed, in the SAC, each alleged pleading deficiency asserted by Defendants in the Motion and that the Motion is therefore moot. Accordingly, Plaintiff respectfully requests that the motion be denied as moot.

In the alternative, Plaintiff requests that the Court deny Defendants' Motion on the merits. In evaluating the Motion, the Court must assume all well-pleaded allegations in the FAC to be true and must construe those allegations in the light most favorable to Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If, the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim is plausible and may proceed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If the Court is not inclined to deny the Motion, either as moot or on the merits, Plaintiff respectfully requests that it grant leave to amend.

## II. PLAINTIFF ADEQUATELY ALLEGED INDIVIDUAL LIABILITY

Defendants' have adequately alleged individual liability.

Under Ninth Circuit Law, a corporate actor is "personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir.1986). Such personal liability results from the Lanham's plain language that "any person" that violates its

terms is liable and is in no way dependent on a showing that any individual defendant is an alter ego or that the corporate veil should be pierced. *Id.*

Plaintiff has pled that each of the individual defendants are officers and/or directors of the company and that public reports indicate that the team operating FB County is no more than 5 people, which team includes each of the three individual defendants. FAC, ¶¶ 8-10, 40. Plaintiff has pled that, with such a small team, each of the individual defendants, all of whom are officers and/or directors of FB County, must have individually authorized, directed, or participated in the infringing conduct identified in the complaint – namely, the use of the infringing FRISCO BEN trademark. FAC, ¶ 40.

The standard is plausibility. Plaintiff has done more than recite the elements of a cause of action; it has alleged facts that render it plausible that each individual defendant participated in the infringement. It is plainly plausible that with just five people operating FB County, each of those five people, and in particular each of the individual Defendants – FB County's CEO, directors, and Vice-Presidents, including the Vice-President of Sales (FAC, ¶¶ 8-10, 40) – authorized, directed, or participated in FB County's advertising or sale of clothing bearing the FRISCO BEN mark.

It is likewise plausible that the three, related, individuals operating FB County had a partnership or joint control relationship, with each or with FB County, such that vicarious liability is adequately pled. Contributory liability is also adequately pled. Contrary to Defendants' argument, direct infringement is alleged by each of the named Defendants, as well as retailers and resellers and licensees of FB County. It is plausible that the individual Defendants participated in the sale and licensing with these third parties.

In contrast, it is *implausible* that FB County's advertising and whole sale and retail sale of clothing bearing the FRISCO BEN mark and the licensing of third parties to produce products bearing the FRISCO BEN mark, was accomplished

without the authorization, direction, or participation of three of the five people that operate FB County, including its CEO, two directors, and two Vice-Presidents, including the Vice-President of Sales.

In any event, the SAC alleges additional details regarding the role of the individual defendants and their participation in the accused conduct.

## III. PLAINTIFF ADEQUATELY ALLEGED TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

To prevail on a claim of trademark infringement under the Lanham Act, a plaintiff must establish: "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir.2006)).

Defendants contend that Plaintiff has failed to identify specifically the mark alleged to be infringed. But, Plaintiff specifically alleged ownership and infringement of five marks: BEN DAVIS, BEN'S, a BEN DAVIS Logo, FRISKO, and a FRISKO BEN DAVIS Logo and alleged them to be infringed. FAC, ¶¶ 16-25, 44, 58-60. Additionally, Plaintiff alleged facts supporting a finding that each of the *Sleekcraft* factors weighs in favor of a finding of likelihood of confusion, including strength of the marks (FAC, ¶¶ 18, 21, 24-25), similarity of the marks (FAC, ¶¶ 18, 21, 24-25, 32, 36), similarity of the parties' goods (FAC, ¶¶ 16, 19, 22, 25, 32, 37), similarity of marketing channels and consumers (FAC, ¶ 37), instances of actual confusion (FAC, ¶ 38), and Defendants' intent (FAC, ¶ 39).

Defendants created a composite mark, combing multiple marks owned and used by Plaintiff. Defendants' contend that this allegation is "internally incoherent," but does not explain why. But this is exactly what Defendant's did and, in doing so, they caused actual confusion. FAC, ¶ 38. Defendant's used FRISKO BEN, despite a specific contractual prohibition against doing so. FAC, ¶ 39. It is alleged that

Defendant used this mark in connection with the exact same type of goods, sold in the exact same stores, to the same consumers. FAC, ¶ 37. It is alleged, it resulted in actual and ongoing confusion. FAC, ¶ 38.

These allegations suffice to state a plausible claim that each of Plaintiff's pleaded trademarks was infringed. In any event, the SAC specifically identifies each mark alleged to be infringed and explains the manner in which Defendants' use of FRISCO BEN creates a likelihood of confusion and infringes such mark.

## IV. FALSE ADVERTISING CLAIM IS ADEQUATELY ALLEGED

Plaintiff does not allege that the "FB" in FB County does not stand for "Frisco Ben," but rather that referring to itself as FRISCO BEN and using the FRISCO BEN are false statements. FAC, ¶ 71. The claim is adequately alleged.

In any event, the SAC specifically identifies the false statements at issue and explains, in detail, the nature of their falsity (*e.g.*, falsely suggesting a connection to Plaintiff where there is none, falsely suggesting their goods originate in or have a connection to San Francisco, where they do not), and the specific locations where there statements appear.

## V. MOTION TO DISMISS UCL CLAIM SHOULD BE DENIED

Plaintiff has standing to bring its California unfair competition claim. Plaintiff plainly alleges – multiple times – that it has been damaged as a result of Defendants' conduct and that it will continue to be damaged unless Defendants are enjoined. It alleged that Defendants are causing consumers to mistakenly believe a relationship or affiliation exists between themselves and Plaintiff and that such confusion has damaged its reputation and lessened the goodwill associated with its trademarks. FAC, ¶¶ 38, 42-43, 49, 57-58, 64, 72, 84, 87.

The complaint may not use the words "concrete economic injury," but what type of injury is the one that is described if not a "concrete economic injury"? Indeed, numerous courts have recognized that diminution in value of a trademark, such as is described in Plaintiff's complaint, is an "economic injury" for purposes of

1 establishing standing under 17200. In any event, the SAC specifically alleges
2 economic injury.

3 The other basis for Defendants' request to dismiss the UCL claim is that it is
4 derivative of Plaintiff's Lanham Act claims and must fail because they fail. As
5 discussed herein, Defendants' Motion to Dismiss the Lanham Act claims should be
6 denied. Defendants' Motion to Dismiss the UCL claim should be denied for the
7 same reasons.

## VI. DEFENDANTS' MOTION SHOULD BE DENIED

Defendants' Motion should be denied as moot, in light of the filing of the SAC. Alternatively, for the reasons stated herein, Defendants' Motion should be denied on the merits. In the event the Court is inclined to grant all, or any portion, of Defendants' Motion, Plaintiff respectfully requests leave to amend to address any deficiencies the Court identifies.

DATED: September 29, 2025   JEFFER MANGELS BUTLER & MITCHELL LLP
                            ROD S. BERMAN
                            SUSAN J. ALLISON
                            JESSICA BROMALL SPARKMAN
                            MADELINE LEI MOMI GOOSSEN

                            BEESON SKINNER BEVERLY, LLP
                            BRIAN BEVERLY
                            STEWART R. KELLAR

                            By:  /s/ *Jessica Bromall Sparkman*
                            ─────────────────────────────
                                 JESSICA BROMALL SPARKMAN
                              Attorneys for Plaintiff Ben F. Davis Company

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for plaintiff Ben F. Davis Company certifies that this brief contains 1689 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 29, 2025          *s/ Jessica Bromall Sparkman*
                                                              Jessica Bromall Sparkman