UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04785-RGK-RAO | Date | October 28, 2025 |
| Title | *Ben F. Davis Company v. Frisco County Inc. et al* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss the First, Second, Third, Fourth, and Fifth Counts of the First Amended Complaint [36]**

## I.   INTRODUCTION

On May 27, 2025, Ben F. Davis Company ("Plaintiff") commenced this action against Tom Kim, Lauren Kim, Brandon Kim (collectively, "Individual Defendants"), and Frisco County Inc. ("FB County," and collectively with Individual Defendants, "Defendants"), asserting various claims concerning trademarks. (ECF No. 1.)

On August 21, 2025, Plaintiff filed the operative First Amended Complaint ("FAC") against Defendants, asserting six causes of action: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition; (3) false advertising; (4) common law trademark infringement; and (5) unfair business practices ("UCL") against all Defendants; and (6) breach of a written agreement against only FB County and Tom Kim. (ECF No. 33.)[1]

Presently before the Court is Defendants' Motion to Dismiss Counts 1–5 of the FAC. (ECF No. 36.) For the following reasons, the Court **GRANTS** the Motion to Dismiss, **DISMISSING** Counts 1–5 **without prejudice**.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following in the FAC:

---

[1] Although Plaintiff filed a Second Amended Complaint on September 29, 2025, the Court struck the filing because Plaintiff failed to follow the Local Rules. (*See* Order Striking Second Amended Complaint, ECF No. 45.) Thus, the Court does not consider this filing when deciding this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04785-RGK-RAO | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Ben F. Davis Company v. Frisco County Inc. et al* | | |

For more than 80 years, Plaintiff, and its predecessors, have been operating in or around San Francisco, California, designing and manufacturing work and casual clothing. Plaintiff owns the following trademarks:

1. BEN'S mark, issued on January 11, 2011 and used by Plaintiff since at least 1964;
2. BEN DAVIS mark, issued on April 1, 1997 and used by Plaintiff since at least 1935;
3. BEN DAVIS logo, issued on February 1, 1994 and used by Plaintiff since at least 1935;
4. FRISKO mark, acquired by Plaintiff in 1996; and
5. FRISKO BEN DAVIS logo, which Plaintiff had used and owns.

FB County operates in the Los Angeles, California area and is also in the business of manufacturing and distributing work and casual clothing. Tom Kim is the Chief Executive Officer, Secretary, and Director of FB County; Lauren Kim is the Chief Financial Officer and Vice President of Sales of FB County; and Brandon Kim is Vice President and Director of FB County. According to public reporting, FB County's team is comprised of five individuals.

In 1996, FB County and Plaintiff were parties to a lawsuit entitled *Frisco County, Inc. v. Ben F. Davis Company*, No. 2:96-cv-04970 (C.D. Cal.) ("Prior Lawsuit"). On December 16, 1997, FB County and Plaintiff entered into a settlement agreement prohibiting Tom Kim and FB County from (1) using "Frisco" in any way other than certain limited uses; and (2) using "Ben" as any part of a trademark or tradename for clothing. A judgment was entered in the Prior Lawsuit reiterating the same prohibitions. *See Frisco County, Inc.*, No. 2:96-cv-04970 (C.D. Cal. Jan. 20, 1998).

Recently, Defendants adopted and began using the trademark FRISCO BEN in connection with their work and casual apparel line, including applying the mark to hoodies, shirts, shoes, product packaging, online retail sales listings, and in advertisements. Defendants use the FRISCO BEN mark in connection with the same types of goods as those that Plaintiff uses its marks in connection with, like on shirts and pants in the same general style and directed towards the same types of consumers. Defendants have also frequently used FB COUNTY in its business, in which the letters FB reference FRISCO BEN. Defendants' website specifies that FB in FB COUNTY stands for FRISCO BEN.

On or about February 7, 2024, FB County applied to register the trademark FRISCO BEN, submitting images of sweatshirts bearing this mark in support of its application. Defendants have also sold their products bearing this mark, including to numerous third party resellers. Additionally, Defendants have licensed third parties to produce these products.

On or about March 20, 2025, Plaintiff sent a cease-and-desist letter to FB County concerning Plaintiff's trademark rights. Despite this letter, FB County continues to use FRISCO BEN. Defendants' use of FRISCO BEN has caused consumer confusion. For example, on one of FB County's Instagram posts promoting its FRISCO BEN products, a user tagged Plaintiff's fan account, @friskobens, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04785-RGK-RAO | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Ben F. Davis Company v. Frisco County Inc. et al* | | |

other users posted comments referencing Plaintiff. As an example, one of these comments included, "The Frisco Ben logo takes me back to the era of swap meet knock off's of Frisko's Ben Davis."

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV. DISCUSSION

Defendants move to dismiss the following claims Plaintiff brought against all Defendants: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition; (3) false advertising; (4) common law trademark infringement; and (5) unfair business practices. The Court addresses each argument in turn.

#### A. Claims Against Individual Defendants

The Individual Defendants move to dismiss Claims 1–5 against them because Plaintiff failed to allege (1) individual liability, (2) the elements to support secondary liability, or (3) any alter ego factors. The Court agrees.

*First*, the Ninth Circuit has recognized that a "corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Transgo, Inc. v. Ajac*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04785-RGK-RAO | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Ben F. Davis Company v. Frisco County Inc. et al* | | |

*Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) (internal quotations omitted). Thus, courts have found corporate officers personally liable "where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity." *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, 2015 WL 12731929, at *8 (C.D. Cal. May 8, 2015) (collecting cases). However, conclusory allegations reciting liability standards and citing only corporate titles without supporting facts are insufficient to state a claim for relief. *Id.* at *9; *see Iqbal*, 556 U.S. at 678.

Here, Plaintiff alleges in the FAC the Individual Defendants' corporate titles and that the company is comprised of only five people, three of which are the Individual Defendants. Plaintiff has failed to differentiate between Individual Defendants when alleging the unlawful conduct. The FAC makes no mention of any specific acts that would demonstrate that any of the Individual Defendants guided or otherwise participated in the alleged infringing activity, but rather concedes that "[a]t this stage, . . . it is not possible to identify the specific acts taken by each of the individual defendants." (FAC ¶ 40.) Instead, Plaintiff alleges that because the Individual Defendants are officers and/or directors of a small company, they must have individually authorized, directed, or participated in the challenged conduct. However, these allegations are "insufficient for personal liability." *Hsiao & Montano, Inc. v. Xstatic Pro Inc.*, 2022 WL 19915280, at *4 (C.D. Cal. Nov. 18, 2022).

*Second*, contributory and vicarious trademark infringement liability require certain elements be sufficiently pled with factual allegations. To be contributorily liable for trademark infringement, a defendant must have either (1) intentionally induced another to infringe, or (2) continued to supply a product to another it knew or had reason to know was infringing. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). "Vicarious liability for trademark infringement requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Id.* (internal quotations omitted).

In the FAC, Plaintiff fails to allege such liability beyond conclusory statements that simply recite the elements outlined above without any factual support. Plaintiff does not identify any third party infringer, but rather generally references retailers, resellers, and licensees of FB County without any supporting facts or examples. For vicarious liability, Plaintiff recites the elements but fails to include any facts to support the legal conclusions. These allegations, without anything more, fail to sufficiently plead secondary liability.

*Third*, under California law, to establish alter ego liability, a plaintiff must show (1) a unity of interest and ownership such that the corporation and its owner are not genuinely separate entities, and (2) that treating the acts as those of the corporation alone would result in inequity. *Alexander v. Cmty. Hosp. of Long Beach*, 46 Cal. App. 5th 238, 255 (2020). Here, the FAC includes no allegations of such factors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04785-RGK-RAO | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Ben F. Davis Company v. Frisco County Inc. et al* | | |

Accordingly, the Court finds the FAC fails to allege that the Individual Defendants are personally liable for Counts 1–5, and thus **GRANTS** the Motion as to the Individual Defendants. The Court proceeds to consider the Motion as it pertains to FB County.

**B.   Trademark Claims (Counts I and IV)**

Plaintiff alleges that FB County's use of the FRISCO BEN mark constitutes trademark infringement under the Lanham Act and common law because this mark is a composite of the five marks Plaintiff owns and is thus likely to cause confusion, mistake, or deception to consumers.

The necessary elements of a trademark infringement claim under the Lanham Act and common law are (1) the plaintiff's ownership of a valid mark, and (2) the defendant's use of the mark that is likely to cause confusion or mistake, or to deceive consumers as to the source or sponsorship of the products. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134–35 (9th Cir. 2006); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012) (claims for trademark infringement and unfair competition under California law are "subject to the same legal standards" as Lanham Act claims).

Here, Plaintiff identifies five specific marks that it owns and Defendants infringed on. The FAC clearly enumerates Plaintiff's rights to these trademarks. Defendants do not dispute that Plaintiff has ownership of these valid marks; thus, the first elements of the trademark infringement claims are plausibly alleged.

For the second element, the Ninth Circuit uses the non-exhaustive eight factor *Sleekcraft* test for determining likelihood of consumer confusion: (1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 & n. 11 (9th Cir. 1979*), abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003). "In essence, the test for likelihood of confusion is whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1080 (9th Cir.2005) (citations and brackets omitted).

Notably, "[t]he similarity of marks 'has always been considered a critical question in the likelihood-of-confusion analysis.'" *M2 Software, Inc., a Del. corp. v. Madacy Ent., a corp.*, 421 F.3d 1073, 1082 (9th Cir. 2005) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1207 (9th Cir. 2000)). Here, Defendants argue that they cannot engage in this analysis because the FAC fails to provide notice as to which of Plaintiff's marks were infringed upon. The FAC alleges that "Defendants have merely combined *two* of Plaintiff's trademarks to form the composite trademark FRISCO BEN" and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04785-RGK-RAO | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Ben F. Davis Company v. Frisco County Inc. et al* | | |

this continued use of FRISCO BEN infringes and is confusingly similar to Plaintiff's "FRISKO, BEN'S, and BEN DAVIS Marks, or any related design and logo marks . . . ." (FAC ¶¶ 4, 36, 61) (emphasis added). As outlined above, the FAC explicitly identifies five marks and logos that Plaintiff owns. These allegations are confusing to say the least, as Plaintiff alleges that the FRISCO BEN mark is a composite of only two marks but then proceeds to identify at least five as infringed upon. Thus, although the FAC includes some nonconclusory allegations relating to the *Sleekcraft* factors, specificity concerning which of Plaintiff's marks were infringed upon is required to meaningful engage in the required analysis for this element.

Thus, the Court finds Plaintiff failed to state claims for trademark infringement and **GRANTS** the Motion, **DISMISSING** these trademark infringement claims.

### C. False Advertising Claim (Count III)

To state a false advertising claim, Plaintiff must allege: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Because false advertising claims are grounded in fraud, a plaintiff must state the circumstances with sufficient particularity under Rule 9(b). *See* Fed. R. Civ. P. 9(b); *see also In re iPhone 4s Consumer Litigation*, 637 F. App'x 414, 415 (9th Cir. 2016); *ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA, Inc.*, 2023 WL 4155366, at *8 (C.D. Cal. May 26, 2023).

Defendants argue that the FAC fails to state a false advertising claim because the FAC is devoid of particularity as required under Rule 9(b). The Court agrees. The FAC includes general allegations that Defendants have used and continue to use these false and misleading statements in commercial advertising, but fails to identify when the statements were made, in what medium they appeared, or what the advertising messaging was to consumers. Rule 9(b) requires Plaintiff to "identify specific advertisements and promotional materials" and when they were made to state a claim for false advertising. *ARF Dashnaktsutyun, W. U.S.A.*, 2023 WL 4155366, at *8 (holding counterclaimants failed to state a claim for false advertising because they failed to identify when the false statements were made, by which entity, or what their content was). Since Plaintiff failed to make such allegations, the FAC fails to meet the Rule 9(b) pleading standard.

Accordingly, the Court **GRANTS** the Motion and **DISMISSES** the false advertising claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04785-RGK-RAO | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Ben F. Davis Company v. Frisco County Inc. et al* | | |

### D. Unfair Business Practices Claim (Count V)

Plaintiff's fifth cause of action, the UCL, prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition" may sue under the UCL. *Id.* § 17204; *see also Bragg Live Food Prods., LLC. v. Nat'l Fruit Prod. Co.*, 2022 WL 3574423, at *2 (C.D. Cal. July 22, 2022) ("[A] plaintiff must allege some form of economic injury.") (internal quotations omitted).

Defendants move to dismiss the UCL claim on several grounds, including standing.[2] In the FAC, Plaintiff alleges damage to its reputation but does not identify financial loss. In its Opposition, Plaintiff argues that "numerous courts have recognized that diminution in value of a trademark, such as is described in Plaintiff's complaint, is an 'economic injury' for purposes of establishing standing under 17200." (Opp'n at 5–6, ECF No. 44.) However, Plaintiff fails to include such allegation in the FAC. Other than reputation damages, the FAC merely includes conclusory allegations that "Plaintiff has been damaged and will continue to be damaged," which is insufficient to establish standing. *See Bragg Live Food Prods., LLC.*, 2022 WL 3574423, at *2 (finding plaintiff failed to plead standing under the UCL because it did not allege any form of statutorily recognized economic injury).

Accordingly, Plaintiff fails to plead standing under the UCL. Thus, the Court **GRANTS** the Motion and **DISMISSES** this claim.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss, and **DISMISSES** Counts 1–5 of the FAC **without prejudice**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |

---

[2] Since the Court finds Plaintiff failed to plead standing under the UCL, the Court need not address the other grounds Defendants raise in their Motion.