JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ben F. Davis Company, a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>Frisco County Inc. dba FB County, a California corporation; Lauren A. Kim, an individual; Brandon T. Kim, and individual; Tom Kim, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br>Frisco County Inc. dba FB County, a California corporation; Tom Kim, an individual,<br><br>                    Counterclaimants,<br><br>          v.<br><br>Ben F. Davis Company, a California corporation; Frank Davis, an individual; and DOES 1 through 10, inclusive,<br>                    Counter-Defendants | Case No. 2:25-cv-04785-RGK-RAO<br><br>[PROPOSED] STIPULATED JUDGMENT AND PERMANENT INJUNCTION<br><br>[92] |

WHEREAS, plaintiff and counter defendant Ben F. Davis Company ("BFDC"), counter defendant Franklin L. Davis ("Davis" and, collectively with BFDC, the "Ben Davis Parties"), and defendants and counterclaimants Frisco County Inc. dba FB County ("FB County") and Tom Kim ("Kim" and, collectively with FB County, the "FB County Parties"), pursuant to a Settlement Agreement between the parties having an effective date of May 21, 2026 (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference, consenting to personal jurisdiction, subject matter jurisdiction, and venue in this District Court, have entered into and agreed to the Stipulation for Entry of Stipulated Judgment and Permanent Injunction (the "Stipulation") and have

stipulated and consented to the entry of the following Stipulated Judgment and Permanent Injunction (the "Judgment"),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Court has jurisdiction over the subject matter of this action, BFDC, Davis, FB County, and Kim (collectively, the "Parties").

2.     Within five business days of the Effective Date referenced above, FB County will expressly abandon or cancel (as necessary) U.S. Trademark App. Ser. No. 98396021 for FRISCO BEN by filing an express abandonment with the United States Patent and Trademark Office ("Trademark Office").

3.     FB County represents that it has no products in inventory bearing the FRISCO BEN trademark as of the Effective Date.

4.     The Parties affirm the December 16, 1997 Settlement and Mutual Release Agreement (the "1997 Agreement"), which is incorporated herein by reference and attached as Exhibit B to the Settlement Agreement.  The 1997 Agreement shall not prohibit Ben Davis from using "FRISKO" as part of any visual representation of any mark, name or advertisement. The Parties continue to be bound by, and must comply with all existing conditions, obligations, restrictions, or other terms set forth in the 1997 Agreement, except to the extent it has been expressly modified by the current Settlement Agreement. Other than as expressly set forth herein, neither this Judgment nor the Settlement Agreement shall have any effect on 1997 Agreement.

5.     In any proceeding to enforce this Judgment, the prevailing party shall be entitled to recover its attorneys' fees and costs.

6.     Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by the Parties, this Judgment is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. Proc. 58 and 79(a). All rights to

appeal this Judgment, on any basis, have been expressly waived by the Parties hereto.

7. This Judgment is entered into for the purpose of settlement and is without the any Party's admission as to liability or any of the allegations of the Complaint in this action, or as to any matters arising out of the Complaint. The Court makes no finding of fact or conclusion of law concerning any of the allegations or claims asserted in the above-captioned proceeding. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting the Parties' obligations and responsibilities under this Judgment.

8. Except as otherwise provided for herein, the above-captioned action and all claims, counterclaims, and defenses asserted therein, are dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

9. All pending hearings and deadlines are vacated with exception to dates set herein. The Clerk shall close this action.

Dated: 6/4/2026

_____
Hon. R. Gary Klausner
United States District Court Judge